Todd J. Dressel (State Bar No. 220812)
CHAPMAN AND CUTLER LLP
595 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 278-9088
Facsimile: (415) 541-0506
dressel@chapman.com

James E. Spiotto *(Pro Hac Vice)*
Ann E. Acker *(Pro Hac Vice)*
James M. Heiser *(Pro Hac Vice)*
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, IL 60603
Telephone: (312) 845-3000
Facsimile: (312) 516-1900
spiotto@chapman.com
acker@chapman.com
heiser@hapman.com

Attorneys for Bank of Montreal, as Administrative Agent

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| BANK OF MONTREAL, as Administrative Agent,<br><br>　　　　Plaintiff<br>　　v.<br>SK FOODS, LLC<br>　　　　Defendant.<br><br>　　　　v.<br><br>SK PM CORP. and FREDERICK SCOTT SALYER, as Trustee for the Scott Salyer Revocable Trust, FREDERICK SCOTT SALYER, in his Individual Capacity<br>　　　　Respondents. | Case No. 11-CV-80133 MISC - EJD (HRL)<br><br>DECLARATION OF BRADLEY SHARP, CHAPTER 11 TRUSTEE, IN SUPPORT OF BANK OF MONTREAL'S OBJECTION TO THE *EX PARTE* APPLICATION FOR ORDER VACATING HEARING AND ADMINISTRATIVE MOTION FOR STAY OF PROCEEDINGS<br><br>Honorable Edward J. Davila<br><br>Hearing Date: August 19, 2011<br><br>Hearing Time: 9:00 a.m.<br><br>Place: Robert F. Peckham Federal Building<br>　　　280 South 1st Street<br>　　　San Jose, CA 95113 |

I, Bradley D. Sharp, pursuant to 28 U.S.C. §1746, declare:

1. I submit this Declaration (the *"Declaration"*) in my capacity as the duly appointed and acting Chapter 11 Trustee (when referring to myself in such capacity, the *"Trustee"*) of SK Foods, L.P. (*"SK Foods"*) and RHM Industrial Specialty Foods, Inc. d/b/a Colusa County Canning Co. (*"RHM"* and collectively with SK Foods, the *"Debtors"*), in support of Bank of Montreal's Objection to the Ex Parte Application for Order Vacating Hearing and Administrative Motion for Stay of Proceedings (the *"Objection"*).

2. Except as otherwise noted, I make this Declaration based upon my own personal knowledge. If called as a witness, I could and would testify to the facts set forth in this Declaration.

3. I have significant experience serving as Trustee in Chapter 11 cases. As part of this role, I have performed numerous tasks, including analyzing claims and pursuing causes of action of the bankruptcy estate.

4. In connection with my duties as Trustee, I have reviewed and analyzed that certain Amended and Restated Credit Agreement dated as of September 27, 2008 between and among Bank of Montreal, as Administrative Agent (*"BMO"* or the *"Agent"*) and the Debtors, as Borrowers, and SK Foods, LLC as Guarantor.

5. Shortly after my appointment as Trustee in the Debtors' bankruptcy cases in May of 2009, I was informed through my counsel that BMO was planning to institute a proceeding in the U.S. District Court for the Northern District of Illinois against SK Foods LLC to recover on the guaranty it gave to BMO on account of the Debtors' indebtedness.

6. Throughout the course of my duties as Chapter 11 Trustee in this matter, and in fulfillment of my duties to the Bankruptcy Court, I have commenced numerous adversary proceedings against Scott Salyer and various entities that he controls.

7. One such adversary proceeding I instituted is entitled Sharp v. Salyer, et al, Adv. Proc. No. 10-2014 (the *"Substantive Consolidation Action"*) against the defendants Scott Salyer (*"Salyer"*), as a trustee of the Scott Salyer Revocable Trust, SK PM Corporation,

SK Foods, LLC, SKF Canning, LLC, Blackstone Ranch Corporation, Monterey Peninsula Farms, LLC, Salyer Management Company, LLC, SK Farms Services, LLC, SK Frozen Foods, LLC, SS Farms, LLC, SSC Farming, LLC, SS Farms I, LLC, SS Farms II, LLC, SS Farms III, LLC, and SKF Aviation, LLC (collectively, the *"Defendants"*). This action seeks to "substantively consolidate" various entities owned or controlled by Salyer with those of the Debtors, or alternatively, to avoid and recover assets of the Debtors that were transferred to the Defendants in that action. Substantive consolidation is an equitable doctrine arising under the Bankruptcy Code. Substantive consolidation is appropriate where it is shown that either (a) creditors relied on the credit of the consolidated entity, or (b) that the assets and liabilities of the entities are entangled to such an extent that it is impracticable to identify the assets and liabilities of each entity. In re Bonham, 229 F.3d 750, 763 (9th Cir. 2000). If granted, substantive consolidation in effect merges the assets and liabilities of the Defendants into the Debtors' bankruptcy estate. The Defendants' assets are pooled with the Debtors, and those pooled assets are then used to pay allowable claims of both the Debtors and the Defendants.

8. The Substantive Consolidation Action complaint alleges that SK Foods created, funded and operated many of the Defendants to such an extent that their financial affairs and identities are inextricably entangled with those of the Debtor. Funds were transferred between the Debtor and the Defendants whenever one entity needed funds or whenever it suited the tax planning purposes of Salyer, the ultimate owner of all Defendants. The complaint further alleges that the Defendants have little, if any, operations outside of their relationships with the Debtors, never dealt with the Debtors at arm's-length, they relied on the Debtors to create, store and maintain their records and to provide management and administrative services, never observed corporate formalities separate and apart from the Debtors, and generally existed solely to benefit the operations of the Debtor and to shelter assets from creditors of the various Defendants.

9. That matter is ongoing, and is now subject to a stay of proceedings which is currently on appeal to the District Court for the Eastern District of California, and is also

subject to a motion seeking to certify the question for direct appeal to the U.S. Court of Appeals for the Ninth Circuit.

10. In my view, the factual and legal issues in the Substantive Consolidation Action are dissimilar from what is at issue in BMO's alter ego proceeding. For example, in BMO's alter ego proceeding, BMO is seeking to hold the respondents therein liable for a judgment it obtained against one of the defendants in the Substantive Consolidation Action, SK Foods, LLC. As I understand it, the focus is on whether BMO can establish whether it meets the criteria for holding SK Foods LLC's parent entities liable for its deficiency judgment. In contrast, however, the Substantive Consolidation Action is concerned not merely with Salyer and SKPM Corp.'s actions and conduct toward BMO, but rather on the financial interrelationships among and between numerous other Defendant entities, and on whether creditors as a whole viewed SK Foods as one combined enterprise.

11. SK Foods, LLC and the other Salyer-controlled entities which are defendants in that proceeding are actively contesting the issue of substantive consolidation.

12. I have attempted throughout the Debtors bankruptcy cases to efficiently resolve creditor claims and maximize value of the Debtors' assets. To that end, I have sought and obtained several injunctions against Mr. Salyer and the various entities he controls. I have also at commenced contempt proceedings to remedy violations of these injunctions.

13. I have been aware of and have monitored BMO's proceeding against SK Foods, LLC since its commencement in June of 2009.

14. In the Spring of 2011, I was informed that BMO was planning to institute a proceeding against Salyer, his *inter vivos* trust, and SK PM Corp., wherein it sought to hold them liable for the judgment it had obtained against SK Foods, LLC. As such, I have been fully aware that BMO was instituting this proceeding at all relevant times.

15. I have no objection to BMO's institution of this proceeding or seeking the relief sought in the Show Cause Motion.

- 4 -

DECLARATION OF BRADLEY D. SHARP
11-CV-80133 MISC - EJD (HRL)

16. I do not believe that BMO's action violates the automatic stay in the Debtors' bankruptcy cases, or adversely impacts the Substantive Consolidation Action or the bankruptcy estate generally because at this stage, the proceeding will merely determine whether Salyer, his inter vivos trust, and SK PM Corp., are liable on the judgment against SK Foods, LLC.

17. If I felt it necessary to do so, I could and would raise an objection if I believed that BMO was violating the automatic stay or usurping a cause of action of the estate.

18. I have numerous means at my disposal to do so, including Sections 105, 362, and other provisions of the Bankruptcy Code.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

19. I will continue to monitor these proceedings, and raise any appropriate objections that I deem necessary to be in the best interest of the Debtors' creditors.

I declare under penalty of perjury, under the laws of the United States of America and the State of California, that the foregoing is true and correct to the best of my knowledge and belief.

EXECUTED this 16th day of August, 2011 in Los Angeles, California

BRADLEY D. SHARP