# EXHIBIT 65

Re: SKF Aviation

Page 1 of 4

## Sean Farrell

| | |
|---|---|
| **From:** | Gary Perry Law [gary@garyperrylaw.com] |
| **Sent:** | Tuesday, December 18, 2007 12:02 PM |
| **To:** | Mark McCormick |
| **Subject:** | Re: SKF Aviation |

I will correct the trust and the agreement. Gary

Gary Perry
gary@garyperrylaw.com

-----Original Message-----
From: "Mark McCormick" <markmc@skfoods.com>
Date: Tue, 18 Dec 2007 09:31:57
To:"Wayne Boos" <wboos@booscpa.com>, <gary@garyperrylaw.com>,      "Scott Salyer" <scotts@skfoods.com>
Cc:"Nick Frankish" <NICK@cedenco.co.nz>
Subject: RE: SKF Aviation

Dan Nutley confirmed the effective date of the new trust will be 11/01/06.   We need to let Nick Frankish now what we are doing.

-----Original Message-----
From: Wayne Boos [mailto:wboos@booscpa.com]
Sent: Monday, December 17, 2007 5:07 PM
To: gary@garyperrylaw.com; Mark McCormick; Scott Salyer
Subject: RE: SKF Aviation

Gary/Mark, I received the fax. Did this need to be effective 11/1/06 (rather than Dec 07) to avoid the FIN 46 issues?

Wayne W. Boos CPA

_____

Boos & Associates
Fig Garden Financial Center
5260 North Palm Avenue, Suite 120 | Fresno, California 93704
Phone (Main): 1.559.449-7688 | Phone (Direct): 1.559.436-3181
Fax: 1.559.449.1934 | Cell: 1.559.288-2366
E-mail: wboos@booscpa.com

*****Any tax advice included in this written or electronic communication was not intended or written to be used, and it cannot be used by the taxpayer, for the purpose of avoiding any penalties that may be imposed on the taxpayer by any governmental taxing authority or agency*****

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law.  If you are not the intended recipient, you should delete this message.  Any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.

11/22/2010

-----Original Message-----
From: Gary Perry Law [mailto:gary@garyperrylaw.com]
Sent: Monday, December 17, 2007 11:53 AM
To: Wayne Boos; Mark McCormick; Scott Salyer
Subject: Re: SKF Aviation

I am sending the new grantor trust out by federal express today. I have called it the SC 2007 Trust. I have also included an updated version of the existing revocable trust with the revised successor trustees inserted. With with respect to the Fin. 46 matter, the new trust will be used to satisfy Dan Nutley's requirement that the trust be a grantor trust. The other part of the structure is the document used to create the obligation on the part of the new trust for the Cedenco debt. I will email that to you today. Gary

Gary Perry
gary@garyperrylaw.com

-----Original Message-----
From: "Wayne Boos" <wboos@booscpa.com>
Date: Sun, 16 Dec 2007 15:34:34
To:<gary@garyperrylaw.com>
Cc:"Darrell Carlis" <dcarlis@booscpa.com>
Subject: RE: SKF Aviation

Thanks Gary, 40 acres may be better type of asset rather than personal residence. We are meeting with Mark on Monday. We will get back with you then.

Wayne

Wayne W. Boos CPA

_____

Boos & Associates
Fig Garden Financial Center
5260 North Palm Avenue, Suite 120 | Fresno, California 93704
Phone (Main): 1.559.449-7688 | Phone (Direct): 1.559.436-3181
Fax: 1.559.449.1934 | Cell: 1.559.288-2366
E-mail: wboos@booscpa.com

*****Any tax advice included in this written or electronic communication was not intended or written to be used, and it cannot be used by the taxpayer, for the purpose of avoiding any penalties that may be imposed on the taxpayer by any governmental taxing authority or agency*****

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message. Any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.

-----Original Message-----
From: Gary Perry Law [mailto:gary@garyperrylaw.com]
Sent: Thursday, December 13, 2007 3:47 PM
To: Wayne Boos

11/22/2010

Re: SKF Aviation

Subject: Re: SKF Aviation

Paperwork was done but I have not seen anything signed. Also we need to finalize the gift to be split with Scott's wife prior to Jan 1. Scott mentioned the house but what do you think about an interest in the LLC that owns the 40 acres by the plant ?
Gary

Gary Perry
gary@garyperrylaw.com

-----Original Message-----
From: "Wayne Boos" <wboos@booscpa.com>
Date: Thu, 13 Dec 2007 17:24:32
To:<gary@garyperrylaw.com>
Cc:"Darrell Carlis \(DCarlis@booscpa.com\)" <IMCEAEX-
_O=BOOSCPA_ou=first+20administrative+20group_cn=Recipients_cn=DCarlis@portal.local>

Subject: SKF Aviation

Hi Gary, Mark from SK asked that I follow up with you regarding distribution of SFK Aviation, LLC from SKPM to Scott's trust on July 1, 2007. Was the paperwork completed for this? If not, we will need to work on this to get it finalized. Let me or Darrell know if any questions.

Thanks

Wayne

Wayne W. Boos CPA

_____

Boos & Associates

Fig Garden Financial Center
5260 North Palm Avenue, Suite 120 | Fresno, California 93704
Phone (Main): 1.559.449-7688 | Phone (Direct): 1.559.436-3181

Fax: 1.559.449.1934 | Cell: 1.559.288-2366
E-mail: wboos@booscpa.com

*****Any tax advice included in this written or electronic communication was not intended or written to be used, and it cannot be used by the taxpayer, for the purpose of avoiding any penalties that may be imposed on the taxpayer by any governmental taxing authority or agency*****

This message (including any attachments) contains confidential information intended for a specific individual and purpose,

11/22/2010

and is protected by law.  If you are not the intended recipient, you should delete this message.  Any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.

11/22/2010

# EXHIBIT 66

| **From:** | Shondale Seymour <shondales@first organization.com> |
| **Sent:** | Monday, January 21, 2008 9:37 AM |
| **To:** | Mark McCormick <markmc@skfoods.com> |
| **Subject:** | FW: Distribution of Cedenco to the Shareholders |

Mark,

Do we have the final documents on the spin off of Cedenco? I'd like to be sure we've got it properly documented in the books and Boos is inquiring for the tax returns.

Shondale

**From:** Darrell Carlis [mailto:dcarlis@booscpa.com]
**Sent:** Friday, January 18, 2008 5:57 PM
**To:** Shondale Seymour
**Subject:** Distribution of Cedenco to the Shareholders

Shondale,

In conjunction with getting over the FIN 46 hurdle the financials state something to the effect that the Foreign Subs were distributed to the Shareholders / Partners. Do you have a copy of that document? I only have a copy of the note assignment of the Cedenco note to the SSC & L trust.


**Darrell L. Carlis**

**Boos & Associates | Firm Director**
Fig Garden Financial Center
5260 North Palm Avenue, Suite 120 | Fresno, California 93704-2216
Direct: 1.559.436-3184 | Main: 1.559.449.7688 | Fax: 1.559.449.1934
E-mail: dcarlis@booscpa.com


*****Any tax advice included in this written or electronic communication was not intended or written to be used, and it cannot be used by the taxpayer, for the purpose of avoiding any penalties that may be imposed on the taxpayer by any governmental taxing authority or agency*****

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message. Any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.

**SHARP_CH15 000373**

# EXHIBIT 67

| | |
|---|---|
| **From:** | Mark McCormick <markmc@first organization.com> |
| **Sent:** | Wednesday, February 6, 2008 5:41 PM |
| **To:** | Shondale Seymour <ShondaleS@skfoods.com>; 'Carolyn Vartanian' <cvartanian@booscpa.com> |
| **Cc:** | 'Darrell Carlis' <dcarlis@booscpa.com>; Jeanne Johnston <jeanne.johnston@skfoods.com> |
| **Subject:** | RE: SK Foods LP 2006 amended return *** Related to distribution of Foreign subsidiaries at 11/1/06 |

The notes were assigned to the new trust named the 2007 SSC&L Trust.   We did not make any distributions. Just the assignment of the notes.   We'll send the paperwork at our first opportunity.

**From:** Shondale Seymour
**Sent:** Wednesday, February 06, 2008 4:28 PM
**To:** Carolyn Vartanian
**Cc:** Darrell Carlis; Mark McCormick; Jeanne Johnston
**Subject:** RE: SK Foods LP 2006 amended return *** Related to distribution of Foreign subsidiaries at 11/1/06

All of these transactions rolled into the new trust but I haven't booked any entry yet as I don't have the final documents.  Mark was reviewing them during the audit but I'm not sure where things ended.

Let' me check w/ the Monterey office and see what they have.

Shondale

**From:** Carolyn Vartanian [mailto:cvartanian@booscpa.com]
**Sent:** Wednesday, February 06, 2008 4:13 PM
**To:** Shondale Seymour
**Cc:** Darrell Carlis
**Subject:** FW: SK Foods LP 2006 amended return *** Related to distribution of Foreign subsidiaries at 11/1/06

Shondale –

Would you be able to get for us the entry to record SK Foods's distribution of the SK Foods LLC and SK Foods Australia interests as of 11/1/06?  We will also need copies of the distribution documents.

Thank you
Carol

**From:** Darrell Carlis
**Sent:** Wednesday, February 06, 2008 4:02 PM
**To:** Carolyn Vartanian
**Subject:** RE: SK Foods LP 2006 amended return

Yes,

Shondale should be able to help us with that.   Can you email her for the information.  Can you ask her also if she has copies of the distribution documents please.

**SHARP_CH15 000654**

**From:** Carolyn Vartanian
**Sent:** Wednesday, February 06, 2008 2:43 PM
**To:** Darrell Carlis
**Cc:** James Liu
**Subject:** FW: SK Foods LP 2006 amended return

Can we get the journal entry that the client booked on SK in order to report the distribution of the partnership interests ? Would we get this from Shondale?

**From:** James Liu
**Sent:** Wednesday, February 06, 2008 2:40 PM
**To:** Carolyn Vartanian
**Subject:** SK Foods LP 2006 amended return

Dear Carol,

Amended return and workpapers for SK Foods LP are 90%  done.
I still need client's journal entries on distribution to revise Sch L and M2.
Would you like to review them to see if anything needs to be added?
Thank you very much.
**James Liu**
**Senior Associate**

CERTIFIED PUBLIC ACCOUNTANTS AND CONSULTANTS

# boos & associates

Fig Garden Financial Center
5260 North Palm Avenue, Suite 120 | Fresno, California 93704-2216
Direct: 1.559.408-7288 | Main: 1.559.449.7688 | Fax: 1.559. 408-7388 | Cell: 1.559.250.8658
E-mail: jliu@booscpa.com

*****Any tax advice included in this written or electronic communication was not intended or written to be used, and it cannot be used by the taxpayer, for the purpose of avoiding any penalties that may be imposed on the taxpayer by any governmental taxing authority or agency*****

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law.  If you are not the intended recipient, you should delete this message.  Any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.

**SHARP_CH15 000655**

# EXHIBIT 68

| | |
|---|---|
| **From:** | Mark McCormick <markmc@first organization.com> |
| **Sent:** | Wednesday, February 6, 2008 5:41 PM |
| **To:** | Shondale Seymour <ShondaleS@skfoods.com>; 'Carolyn Vartanian' <cvartanian@booscpa.com> |
| **Cc:** | 'Darrell Carlis' <dcarlis@booscpa.com>; Jeanne Johnston <jeanne.johnston@skfoods.com> |
| **Subject:** | RE: SK Foods LP 2006 amended return *** Related to distribution of Foreign subsidiaries at 11/1/06 |

The notes were assigned to the new trust named the 2007 SSC&L Trust.   We did not make any distributions. Just the assignment of the notes.   We'll send the paperwork at our first opportunity.

**From:** Shondale Seymour
**Sent:** Wednesday, February 06, 2008 4:28 PM
**To:** Carolyn Vartanian
**Cc:** Darrell Carlis; Mark McCormick; Jeanne Johnston
**Subject:** RE: SK Foods LP 2006 amended return *** Related to distribution of Foreign subsidiaries at 11/1/06

All of these transactions rolled into the new trust but I haven't booked any entry yet as I don't have the final documents.  Mark was reviewing them during the audit but I'm not sure where things ended.

Let' me check w/ the Monterey office and see what they have.

Shondale

**From:** Carolyn Vartanian [mailto:cvartanian@booscpa.com]
**Sent:** Wednesday, February 06, 2008 4:13 PM
**To:** Shondale Seymour
**Cc:** Darrell Carlis
**Subject:** FW: SK Foods LP 2006 amended return *** Related to distribution of Foreign subsidiaries at 11/1/06

Shondale –

Would you be able to get for us the entry to record SK Foods's distribution of the SK Foods LLC and SK Foods Australia interests as of 11/1/06?  We will also need copies of the distribution documents.

Thank you
Carol

**From:** Darrell Carlis
**Sent:** Wednesday, February 06, 2008 4:02 PM
**To:** Carolyn Vartanian
**Subject:** RE: SK Foods LP 2006 amended return

Yes,

Shondale should be able to help us with that.  Can you email her for the information.  Can you ask her also if she has copies of the distribution documents please.

**SHARP_CH15 000654**

**From:** Carolyn Vartanian
**Sent:** Wednesday, February 06, 2008 2:43 PM
**To:** Darrell Carlis
**Cc:** James Liu
**Subject:** FW: SK Foods LP 2006 amended return

Can we get the journal entry that the client booked on SK in order to report the distribution of the partnership interests ? Would we get this from Shondale?

**From:** James Liu
**Sent:** Wednesday, February 06, 2008 2:40 PM
**To:** Carolyn Vartanian
**Subject:** SK Foods LP 2006 amended return

Dear Carol,

Amended return and workpapers for SK Foods LP are 90%  done.
I still need client's journal entries on distribution to revise Sch L and M2.
Would you like to review them to see if anything needs to be added?
Thank you very much.
**James Liu**
**Senior Associate**

---

CERTIFIED PUBLIC ACCOUNTANTS AND CONSULTANTS

# boos & associates

Fig Garden Financial Center
5260 North Palm Avenue, Suite 120 | Fresno, California 93704-2216
Direct: 1.559.408-7288 | Main: 1.559.449.7688 | Fax: 1.559. 408-7388 | Cell: 1.559.250.8658
E-mail: jliu@booscpa.com

 *****Any tax advice included in this written or electronic communication was not intended or written to be used, and it cannot be used by the taxpayer, for the purpose of avoiding any penalties that may be imposed on the taxpayer by any governmental taxing authority or agency*****

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law.  If you are not the intended recipient, you should delete this message.  Any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.

**SHARP_CH15 000655**

# EXHIBIT 69

| From: | Darrell Carlis <dcarlis@booscpa.com> |
|-------|--------------------------------------|
| Sent: | Monday, February 18, 2008 1:15 PM |
| To: | Shondale Seymour <ShondaleS@skfoods.com> |
| Subject: | RE: Foreign Entities |

Wayne,

Do you know if the distribution occurred or not? There seems to be some controversy. Gary Perry was not aware of it either.

This is the paragraph from the FS

The Partnership distributed all investments in subsidiaries to its partners effective November 1, 2006. The distribution has been accounted for at the Partnership's carrying value of the subsidiaries, $3,414,000. Accumulated other comprehensive income resulted from foreign currency translation gains and losses related to the Company's previously consolidated foreign subsidiaries, Cedenco Foods, Sunrise Coast, Sunrise Coast Japan, Mountain Carrots, Cedenco Australia, and Cedenco JV. Foreign currency gains and losses were related to inter-company transactions of a long-term nature, net of related income taxes. The Partnership distributed the investments in foreign subsidiaries to the partners effective November 1, 2006, and sold the Partnership's inter-company receivables to a revocable trust with common ownership with the Partnership. The accumulated other comprehensive income has been reclassified against the related-party receivable. The total receivable amount due from the revocable trust is $18,293,000.

**Darrell L. Carlis**

**Boos & Associates | Firm Director**
Fig Garden Financial Center
5260 North Palm Avenue, Suite 120 | Fresno, California 93704-2216
Direct: 1.559.408.7284 | Main: 1.559.449.7688 | Fax: 1.559.408.7384
E-mail: dcarlis@booscpa.com

*****Any tax advice included in this written or electronic communication was not intended or written to be used, and it cannot be used by the taxpayer, for the purpose of avoiding any penalties that may be imposed on the taxpayer by any governmental taxing authority or agency*****

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message. Any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.

**From:** Shondale Seymour [mailto:ShondaleS@skfoods.com]
**Sent:** Monday, February 18, 2008 1:09 PM
**To:** Darrell Carlis
**Subject:** RE: Foreign Entities

I don't know how everything got distributed. Mark was handling all of that. I know there was a new trust set up,

SHARP_CH15 000656

the SSCL Trust. I believe that the assignments were to be spun off to this trust but we don't have anything recoded on the SKF books except for moving the notes into the investment in foreign sub acct on the GL.

---

**From:** Darrell Carlis [mailto:dcarlis@booscpa.com]
**Sent:** Monday, February 18, 2008 1:09 PM
**To:** Shondale Seymour
**Subject:** Foreign Entities

Shondale,

Did the foreign entities get distributed to Scott and SKPM as stated in the financial statements. Mark McCormick seem to indicate otherwise – but I am not sure he was necessarily referring to the same thing.

**Darrell L. Carlis**

**Boos & Associates | Firm Director**
Fig Garden Financial Center
5260 North Palm Avenue, Suite 120 | Fresno, California 93704-2216
Direct: 1.559.408.7284 | Main: 1.559.449.7688 | Fax: 1.559.408.7384
E-mail: dcarlis@booscpa.com

*****Any tax advice included in this written or electronic communication was not intended or written to be used, and it cannot be used by the taxpayer, for the purpose of avoiding any penalties that may be imposed on the taxpayer by any governmental taxing authority or agency*****

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message. Any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.

**SHARP_CH15 000657**

# EXHIBIT 70

| From: | Wayne Boos <wboos@booscpa.com> |
|-------|-------------------------------|
| Sent: | Monday, February 18, 2008 1:56 PM |
| To: | Mark McCormick <markmc@skfoods.com> |
| Cc: | Shondale Seymour <ShondaleS@skfoods.com>; gary@garyperrylaw.com; Darrell Carlis <dcarlis@booscpa.com> |
| Subject: | RE: Foreign Entities |

Mark, we need clarification and agreement on treatment of ownership of foreign entities. My understanding was that the ownership of these entities was distributed out of SK Foods as of Nov 1, 2006. This is consistent with py f/s footnote (see below). I believe this is necessary to exclude foreign entities from SK consolidated financial statements. This is beyond FIN 46 as any direct ownership of subsidiaries would be included in consolidated parent financial statements under GAAP. I would like your concurrence on this treatment and a copy of the signed transaction docs. There are many tax items that can not be resolved until we come to final resolution of this matter. I understand and agree that the Note Receivable was transferred to Scott's Trust.

This is the paragraph from the FS

The Partnership distributed all investments in subsidiaries to its partners effective November 1, 2006. The distribution has been accounted for at the Partnership's carrying value of the subsidiaries, $3,414,000. Accumulated other comprehensive income resulted from foreign currency translation gains and losses related to the Company's previously consolidated foreign subsidiaries, Cedenco Foods, Sunrise Coast, Sunrise Coast Japan, Mountain Carrots, Cedenco Australia, and Cedenco JV. Foreign currency gains and losses were related to inter-company transactions of a long-term nature, net of related income taxes. The Partnership distributed the investments in foreign subsidiaries to the partners effective November 1, 2006, and sold the Partnership's inter-company receivables to a revocable trust with common ownership with the Partnership. The accumulated other comprehensive income has been reclassified against the related-party receivable. The total receivable amount due from the revocable trust is $18,293,000.

Thanks
Wayne

**Wayne W. Boos CPA**

**Boos & Associates**
Fig Garden Financial Center
5260 North Palm Avenue, Suite 120 | Fresno, California 93704
Phone (Main): 1.559.449.7688 | Phone (Direct): 1.559.408-7281
Fax (Main): 1.559.449.1934 | Fax (Direct): 1.559.408-7381
Cell: 1.559.288-2366
E-mail: wboos@booscpa.com

*****Any tax advice included in this written or electronic communication was not intended or written to be used, and it cannot be used by the taxpayer, for the purpose of avoiding any penalties that may be imposed on the taxpayer by any governmental taxing authority or agency*****

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message. Any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.

SHARP_CH15 000658

# EXHIBIT 71

| From: | Carolyn Vartanian <cvartanian@booscpa.com> |
|-------|---------------------------------------------|
| Sent: | Monday, March 3, 2008 2:23 PM |
| To: | Jeanne Johnston <jeanne.johnston@skfoods.com> |
| Subject: | FW: SS4 and Form 8832 for Cedenco Ohakune |
| Attach: | Cedenco Ohakune Form 8832.pdf; Cedenco Ohakune SS4 application.pdf |

**From:** Carolyn Vartanian
**Sent:** Thursday, February 28, 2008 4:17 PM
**To:** Wayne Boos
**Subject:** FW: SS4 and Form 8832 for Cedenco Ohakune

Wayne –

Attached please find the SS4 and Form 8832 which require Scott's signature.

The SS4 should be signed and faxed back to us today so that we can apply for the FEIN.

The Form 8832 should be singed and overnighted (Saturday delivery preferred) to us and we will file the originally signed return.
**Carolyn P. Vartanian**

**boos & associates**
Fig Garden Financial Center
5260 North Palm Avenue, Suite 120 | Fresno , California 93704-2216
Direct: 1.559.408.7297| Main: 1.559.449.7688 Ext. 297| Fax: 1.559.408.7397 | Cell: 1.559.417.4281
E-mail: cvartanian@booscpa.com

*****Any tax advice included in this written or electronic communication was not intended or written to be used, and it cannot be used by the taxpayer, for the purpose of avoiding any penalties that may be imposed on the taxpayer by any governmental taxing authority or agency*****

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law.  If you are not the intended recipient, you should delete this message.  Any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.

SHARP_CH15 000679

Form **8832**
(Rev. March 2007)
Department of the Treasury
Internal Revenue Service

**Entity Classification Election**

OMB No. 1545-1516

| Type or Print | Name of eligible entity making election<br>**Cedenco Ohakune (formerly Mountain Carrots Nz Ltd)** | Employer Identification number |
|---|---|---|
| | Number, street, and room or suite no. If a P.O. box, see instructions.<br>**48 Shortland St** | |
| | City or town, state, and ZIP code. If a foreign address, enter city, province or state, postal code and country. Follow the country's practice for entering the postal code.<br>**Auckland, New Zealand** | |

► Check if: ☐ Address change

**1** **Type of election** (see instructions):

**a** ☐ Initial classification by a newly-formed entity. Skip lines 2a and 2b and go to line 3.
**b** ☑ Change in current classification. Go to line 2a.

**2a** Has the eligible entity previously filed an entity election that had an effective date within the last 60 months?

☐ **Yes.** Go to line 2b.
☑ **No.** Skip line 2b and go to line 3.

**2b** Was the eligible entity's prior election for initial classification by a newly formed entity effective on the date of formation?

☐ **Yes.** Go to line 3.
☑ **No.** Stop here. You generally are not currently eligible to make the election (see instructions).

**3** Does the eligible entity have more than one owner?

☐ **Yes.** You can elect to be classified as a partnership or an association taxable as a corporation. Skip line 4 and go to line 5.
☑ **No.** You can elect to be classified as an association taxable as a corporation or disregarded as a separate entity. Go to line 4.

**4** If the eligible entity has only one owner, provide the following information:

**a** Name of owner ► **SK Foods LLC**
**b** Identifying number of owner ► **91-2112729**

**5** If the eligible entity is owned by one or more affiliated corporations that file a consolidated return, provide the name and employer identification number of the parent corporation:

**a** Name of parent corporation ►
**b** Employer identification number ►

For Paperwork Reduction Act Notice, see instructions.     Cat. No. 22598R     Form **8832** (Rev. 3-2007)

SHARP_CH15 000680

Form 8832 (Rev. 3-2007)     Page **2**

**6**   **Type of entity** (see instructions):

**a** ☐ A domestic eligible entity electing to be classified as an association taxable as a corporation.

**b** ☐ A domestic eligible entity electing to be classified as a partnership.

**c** ☐ A domestic eligible entity with a single owner electing to be disregarded as a separate entity.

**d** ☐ A foreign eligible entity electing to be classified as an association taxable as a corporation.

**e** ☐ A foreign eligible entity electing to be classified as a partnership.

**f** ☑ A foreign eligible entity with a single owner electing to be disregarded as a separate entity.

**7**   If the eligible entity is created or organized in a foreign jurisdiction, provide the foreign country of organization ▶ **New Zealand**

**8**   Election is to be effective beginning (month, day, year) (see instructions) . . . . . . . . . . ▶ **12 / 19 / 2007**

| **9** Name and title of contact person whom the IRS may call for more information | **10** Contact person's telephone number |
|---|---|
| **F. Scott Salyer, Managing Member** | ( **831** )    **655-5400** |

### Consent Statement and Signature(s) (see instructions)

Under penalties of perjury, I (we) declare that I (we) consent to the election of the above-named entity to be classified as indicated above, and that I (we) have examined this consent statement, and to the best of my (our) knowledge and belief, it is true, correct, and complete. If I am an officer, manager, or member signing for all members of the entity, I further declare that I am authorized to execute this consent statement on their behalf.

| Signature(s) | Date | Title |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Form **8832** (Rev. 3-2007)

SHARP_CH15 000681

Form **SS-4**
(Rev. July 2007)
Department of the Treasury
Internal Revenue Service

### Application for Employer Identification Number

(For use by employers, corporations, partnerships, trusts, estates, churches, government agencies, Indian tribal entities, certain individuals, and others.)

► See separate instructions for each line.   ► Keep a copy for your records.

OMB No. 1545-0003

EIN

| | | |
|---|---|---|
| **1** | Legal name of entity (or individual) for whom the EIN is being requested | |
| | **Cedenco Ohakune (formerly Mountain Carrots NZ Ltd)** | |

| **2** | Trade name of business (if different from name on line 1) | **3** | Executor, administrator, trustee, "care of" name |
|---|---|---|---|

| **4a** | Mailing address (room, apt., suite no. and street, or P.O. box) | **5a** | Street address (if different) (Do not enter a P.O. box.) |
|---|---|---|---|
| | **48 Shortland** | | |

| **4b** | City, state, and ZIP code (if foreign, see instructions) | **5b** | City, state, and ZIP code (if foreign, see instructions) |
|---|---|---|---|

| **6** | County and state where principal business is located |
|---|---|
| | **Auckland, New Zealand** |

| **7a** | Name of principal officer, general partner, grantor, owner, or trustor | **7b** | SSN, ITIN, or EIN |
|---|---|---|---|
| | **SK Foods LLC** | | **91-2112729** |

| **8a** | Is this application for a limited liability company (LLC) (or a foreign equivalent)? . . . . . . . . .  ☐ Yes  ☑ No | **8b** | If 8a is "Yes," enter the number of LLC members . . . . . ► |
|---|---|---|---|

| **8c** | If 8a is "Yes," was the LLC organized in the United States? . . . . . . . . . . . . . . . . ☐ Yes ☐ No |
|---|---|

**9a** Type of entity (check only one box). **Caution.** If 8a is "Yes," see the instructions for the correct box to check.

☐ Sole proprietor (SSN) _____
☐ Partnership
☐ Corporation (enter form number to be filed) ► _____
☐ Personal service corporation
☐ Church or church-controlled organization
☐ Other nonprofit organization (specify) ► _____
☑ Other (specify) ►  **Foreign Disregarded Entity**

☐ Estate (SSN of decedent) _____
☐ Plan administrator (TIN) _____
☐ Trust (TIN of grantor) _____
☐ National Guard    ☐ State/local government
☐ Farmers' cooperative  ☐ Federal government/military
☐ REMIC      ☐ Indian tribal governments/enterprises
Group Exemption Number (GEN) if any ► _____

| **9b** | If a corporation, name the state or foreign country (if applicable) where incorporated | State | Foreign country **New Zealand** |
|---|---|---|---|

**10** Reason for applying (check only one box)

☐ Started new business (specify type) ► _____
☐ Hired employees (Check the box and see line 13.)
☐ Compliance with IRS withholding regulations
☑ Other (specify) ► **US Foreign Entity Reporting**

☐ Banking purpose (specify purpose) ► _____
☐ Changed type of organization (specify new type) ► _____
☐ Purchased going business
☐ Created a trust (specify type) ► _____
☐ Created a pension plan (specify type) ► _____

| **11** | Date business started or acquired (month, day, year). See instructions. **1/11/05** | **12** | Closing month of accounting year   **December** |
|---|---|---|---|

| **13** | Highest number of employees expected in the next 12 months (enter -0- if none). | | | **14** | Do you expect your employment tax liability to be $1,000 or less in a full calendar year? ☐ Yes ☐ No (If you expect to pay $4,000 or less in total wages in a full calendar year, you can mark "Yes.") |
|---|---|---|---|---|---|
| | Agricultural **0** | Household **0** | Other **0** | | |

| **15** | First date wages or annuities were paid (month, day, year). **Note.** If applicant is a withholding agent, enter date income will first be paid to nonresident alien (month, day, year) . . . . . . . . . . . . . . . . ► |
|---|---|

**16** Check one box that best describes the principal activity of your business.

☐ Construction  ☐ Rental & leasing  ☐ Transportation & warehousing
☐ Real estate   ☐ Manufacturing   ☐ Finance & insurance

☐ Health care & social assistance  ☐ Wholesale-agent/broker
☐ Accommodation & food service  ☐ Wholesale-other  ☐ Retail
☑ Other (specify) **Produce Sales**

| **17** | Indicate principal line of merchandise sold, specific construction work done, products produced, or services provided. |
|---|---|

| **18** | Has the applicant entity shown on line 1 ever applied for and received an EIN? ☐ Yes ☐ No |
|---|---|
| | If "Yes," write previous EIN here ► |

Complete this section **only** if you want to authorize the named individual to receive the entity's EIN and answer questions about the completion of this form.

| **Third Party Designee** | Designee's name **Wayne W. Boos, CPA** | Designee's telephone number (include area code) ( **559** ) **449-7688** |
|---|---|---|
| | Address and ZIP code **5260 N. Palm Ave., Suite 120 Fresno, CA 93704** | Designee's fax number (include area code) ( **559** ) **449-1934** |

Under penalties of perjury, I declare that I have examined this application, and to the best of my knowledge and belief, it is true, correct, and complete.

Name and title (type or print clearly) ►

Applicant's telephone number (include area code) ( )

Applicant's fax number (include area code) ( )

Signature ►                                                  Date ►

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**   Cat. No. 16055N   Form **SS-4** (Rev. 7-2007)

**SHARP_CH15 000682**

# EXHIBIT 72

| From: | Scott Salyer <scott@first organization.com> |
|---|---|
| Sent: | Monday, March 10, 2008 3:58 PM |
| To: | Mark McCormick <markmc@skfoods.com> |
| Subject: | RE: Cedenco Letter of Supprot |

Send them our audit .
BMO won't know and neither will our auditors , so don't tell Shondale .


SS

**From:** Mark McCormick
**Sent:** Monday, March 10, 2008 2:53 PM
**To :** Scott Salyer
**Subject:** Cedenco Letter of Supprot

SS,

Nick Frankish is in a bind with his auditors.  The auditors are pushing for a "letter of support" from SKF LP as well as  a copy of our financial statements.   As we have discussed, the letter of support presents potential FIN 46 concerns for us as well as potential BMO concerns given that all of the SKF - CED notes are subordinated.
  Without those documents, the auditors are threatening to issue a qualified report on CED.  In other words, the auditors would issue a " going concern" opinion.  Certainly, a qualified report would create issues with ANZ.

Thoughts ?

MMM

**SHARP_CH15 000688**

# EXHIBIT 73



200 Sky Park Drive
Monterey, California
USA 93940
Telephone  (831) 655-5400
Facsimile  (831) 655-5906

SSC & L Trust

March 13, 2008

Re:     SK Foods International

SSC & L Trust acknowledges it has a loan to SK Foods International in the amount of NZ
Currency, $40,417 million as of 31 October 2007.  It is the intention of the Trust not to recall
this loan not less than 12 months from the date of the signing the SK Foods International
financial statements for the year ended 31 October 2007.

Regards,

Scott Salyer
President/CEO

Cc:     Corporate record, SKF International

**SHARP_CH15 001383**

# EXHIBIT 74

 200 Sky Park Drive
Monterey, California
USA 93940
Telephone (831) 655-5400
Facsimile (831) 655-5906

SK PM Corp., USA

March 13, 2008

SK Foods, LP
PO Box 160
Lemoore, CA 93245

Re:   SK Foods, LP., a California Limited Partnership

SK PM Corp, the majority shareholder of SK Foods LP and ultimate owner of SK Foods International requests SK Foods LP provide any financial support to SK Foods International and group for the foreseeable future, which is not less than 12 months from the date of signing of the SK Foods International financial statements for the year ended 31 October 2007.

Regards,

Scott Salyer
President/CEO

Cc:   Corporate record, SKF International

**SHARP_CH15 001384**

# EXHIBIT 75

| From: | Lisa Crist <lisac@first organization.com> |
| From: | |
| Sent: | Monday, March 17, 2008 7:49 PM |
| To: | 'garry@garryperrylaw.com' |
| Subject: | Fw: Audit update |

----- Original Message -----
From: Nick Frankish <NICK@cedenco.co.nz>
To: Mark McCormick
Cc: Richard Lawrence <Richard@cedenco.co.nz>; Lisa Crist
Sent: Mon Mar 17 16:30:36 2008
Subject: Audit update
Mark
I had a meeting with our auditors yesterday and explained to them the changes to the
ownership (now held by by SS Revoc Trust), and the noteholder (now held by SSC&L
Trust), in respect of SK Foods International. This obviously impacts who provides the
support letters they require. After discussions we agreed that I would see if you could
provide from
* SSC&L Trust (as noteholder) - a note to SKF Int saying that it would not call up the
loan to SKF Int within 12 months from the signing of the fin stats
* SS Revoc Trust (as owner) - a note to SKF LP, being an associate company,
requesting SKF LP provide any financial support to SKF Int company and group, for not
less than 12 months from signing the fin stats
* SKF LP - letter of support to SKF Int - ALREADY DONE.
* SKF LP - some recent fin stats or management accounts
Hopefully this will not create any issues for you ?
Also in my last email I requested
* Confirmation of the exact ownership structure of SKF Int and SKF Aust - an updated
structure diagram would be great
* Confirmation of the date of ownership change
Really appreciate your help on this, and hopefully you can come back to me by the end
of this week so the documents are part of the final audit review. Please call if any
queries. We are proposing to sign the fin stats on 31 March 2008
Regards
Nick
Nick Frankish | Group CFO | Cedenco Foods | Level 2, 12 Heather Street, Parnell,
Auckland 1052. PO Box 137-337, Parnell, Auckland, 1151 | DDI: (+64 9) 362 0803 |
PH: (+64 9) 362 0800 | Fax: (+64 9) 362 0806 | www.cedenco.com
<file://www.cedenco.com>

SHARP_CH15 000689

# EXHIBIT 76

| | |
|---|---|
| **From:** | Lisa Crist <lisac@first organization.com> |
| **Sent:** | Monday, March 24, 2008 3:55 PM |
| **To:** | gary@garyperrylaw.com |
| **Cc:** | Mark McCormick <markmc@skfoods.com>: 'Nick Frankish' <NICK@cedenco.co.nz> |
| **Subject:** | FW: Audit update |

Hello Gary,

I really need your help with the documentation for SKF International.

Thank you,

Lisa

Lisa Crist
EVP of Administration
SK Foods Group
1175 19th Ave
Lemoore, CA 93245-0160
(559) 924-6544 - Office
(559) 924-0178 - Fax
www.skfoods.com

*CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, any disclosure, copying, distribution, or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail, and delete the original transmission and its attachments without reading or saving in any manner. We reserve the right to monitor all email communications. Although we believe this email and any attachments are virus-free, we do not guarantee that it is virus-free, and we accept no liability for any loss or damage arising from its use. Thank you.*

---

**From:** Nick Frankish [mailto:NICK@cedenco.co.nz]
**Sent:** Monday, March 24, 2008 3:54 PM
**To:** Mark McCormick
**Cc:** Lisa Crist
**Subject:** RE: Audit update

Mark

Please update progress on my requests below

Thanks

Nick

---

**From:** Mark McCormick [mailto:markmc@skfoods.com]
**Sent:** Wednesday, 19 March 2008 5:35 a.m.
**To:** Nick Frankish
**Cc:** Richard Lawrence; Lisa Crist

**SHARP_CH15 000697**

**Subject:** RE: Audit update

NF,

We will start working on your requests right away.

MMM

...............................................................................

**From:** Nick Frankish [mailto:NICK@cedenco.co.nz]
**Sent:** Monday, March 17, 2008 4:31 PM
**To:** Mark McCormick
**Cc:** Richard Lawrence; Lisa Crist
**Subject:** Audit update

Mark

I had a meeting with our auditors yesterday and explained to them the changes to the ownership (now held by by SS Revoc Trust), and the noteholder (now held by SSC&L Trust), in respect of SK Foods International. This obviously impacts who provides the support letters they require. After discussions we agreed that I would see if you could provide from

- SSC&L Trust (as noteholder) - a note to SKF Int saying that it would not call up the loan to SKF Int within 12 months from the signing of the fin stats
- SS Revoc Trust (as owner) - a note to SKF LP, being an associate company, requesting SKF LP provide any financial support to SKF Int company and group, for not less than 12 months from signing the fin stats
- SKF LP - letter of support to SKF Int - ALREADY DONE.
- SKF LP - some recent fin stats or management accounts

Hopefully this will not create any issues for you ?

Also in my last email I requested

- Confirmation of the exact ownership structure of SKF Int and SKF Aust - an updated structure diagram would be great
- Confirmation of the date of ownership change

Really appreciate your help on this, and hopefully you can come back to me by the end of this week so the documents are part of the final audit review. Please call if any queries. We are proposing to sign the fin stats on 31 March 2008

Regards

Nick

**SHARP_CH15 000698**

**Nick Frankish** | Group CFO | **Cedenco Foods** | Level 2, 12 Heather Street, Parnell, Auckland 1052.  PO Box 137-337, Parnell, Auckland, 1151 | DDI: (+64 9) 362 0803 | PH: (+64 9) 362 0800 | Fax: (+64 9) 362 0806 | www.cedenco.com

SHARP_CH15 000699

# EXHIBIT 77

| | |
|---|---|
| **From:** | Julie Patton <julie@garyperrylaw.com> |
| **Sent:** | Friday, March 28, 2008 11:49 AM |
| **To:** | Lisa Crist <lisac@skfoods.com> |
| **Cc:** | Mark McCormick <markmc@skfoods.com> |
| **Subject:** | General Assignment and Transfer forms |
| **Attach:** | General transfer SK Australia.06.doc; General Assign SK LLC 06.doc |

Lisa: Attached are the two forms we discussed on Wednesday. Scott's trust already owned one share of the Australia entity so he ended up with 46 shares total and 55 shares are in SKPM. Gary

**SHARP_CH15 000709**

## GENERAL ASSIGNMENT AND TRANSFER

## OF SHARES OF

## SK FOODS AUSTRALIA, Pty Ltd.

For valuable consideration, receipt of which is acknowledged hereby, SK FOODS, L. P., a California limited partnership ("Assignor"), hereby assigns and transfers to the assignees and transferees identified on the schedule attached hereto as Exhibit "A" and incorporated herein by this reference, all of its right, title and interest in the outstanding shares of SK FOODS AUSTRALIA, Pty Ltd. effective as of November 1, 2006.

<u>"Assignor"</u>

SK FOODS, L. P., a California limited partnership

By:   SK PM CORP., a California corporation,
General Partner

By:_____
F. SCOTT SALYER,
Chief Executive Officer

**SHARP_CH15 000710**

**EXHIBIT "A"**

<u>**ASSIGNEES AND TRANSFEREES**</u>

1.  Scott Salyer, Trustee of the Scott Salyer      -      45 shares
    Revocable Trust, dated July 9, 1984

2.  SK PM CORP, a California corporation      -      55 shares

**SHARP_CH15 000711**

## GENERAL ASSIGNMENT AND TRANSFER

## OF MEMBER INTERESTS OF

## SK FOODS, LLC

---

For valuable consideration, receipt of which is acknowledged hereby, SK FOODS, L. P., a California limited partnership ("Assignor"), hereby assigns and transfers to the assignees and transferees identified on the schedule attached hereto as Exhibit "A" and incorporated herein by this reference, all of its right, title and interest in the outstanding member interests of SK FOODS, LLC, a Nevada limited liability company effective as of November 1, 2006.

<u>"Assignor"</u>

SK FOODS, L. P., a California limited partnership

By:   SK PM CORP., a California corporation,
      General Partner

By:_____
     F. SCOTT SALYER,
     Chief Executive Officer

**SHARP_CH15 000712**

**EXHIBIT "A"**

**ASSIGNEES AND TRANSFEREES**

|   |   |   | Interest In Assignor |
|---|---|---|---|
| 1. | Scott Salyer, Trustee of the Scott Salyer Revocable Trust, dated July 9, 1984 | - | 44.55% |
| 2. | SK PM CORP, a California corporation | - | <u>54.45%</u> |
|   | Interest Transferred | <u>99%</u> | |

**SHARP_CH15 000713**

# EXHIBIT 78

| From: | Gary Perry Law <gary@garyperrylaw.com> |
|-------|------------------------------------------|
| Sent: | Wednesday, April 2, 2008 8:20 AM |
| To: | Lisa Crist <lisac@skfoods.com> |
| Subject: | Re: SKF Australia |

Nov 1,2006 is correct. Gary
Gary Perry
gary@garyperrylaw.com
-----Original Message-----
From: "Lisa Crist" <lisac@skfoods.com>
Date: Tue, 1 Apr 2008 19:25:03
To:<gary@garyperrylaw.com>
Subject: SKF Australia
Hello Gary,

I'm here in NZ with Nick Frankish and we are questioning the dates of the resolutions,
should they be November 1, 2007 vs. November 1, 2006? Nick mentioned talking about it
in 2007 to get in front of the FIN 46 requirements.

I just wanted to double check before Scott signs them. If indeed the dates should reflect
11/1/07, I can make the changes.

Thank you for your clarification,

Lisa

Lisa Crist
EVP of Administration
SK Foods Group
1175 19th Ave
Lemoore, CA 93245-0160
(559) 924-6544 - Office
(559) 924-0178 - Fax
www.skfoods.com: <http://www.skfoods.com>

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or
previous e-mail messages attached to it may contain confidential information that is legally
privileged. If you are not the intended recipient, or a person responsible for delivering it to
the intended recipient, any disclosure, copying, distribution, or use of any of the information
contained in or attached to this transmission is STRICTLY PROHIBITED. If you have
received this transmission in error, please immediately notify us by reply e-mail, and delete
the original transmission and its attachments without reading or saving in any manner. We
reserve the right to monitor all email communications. Although we believe this email and
any attachments are virus-free, we do not guarantee that it is virus-free, and we accept no
liability for any loss or damage arising from its use. Thank you.

**SHARP_CH15 000728**

# EXHIBIT 79

| **From:** | Shondale Seymour <shondales@first organization.com> |
|---|---|
| **Sent:** | Thursday, July 31, 2008 6:34 PM |
| **To:** | 'Darrell Carlis' <dcarlis@booscpa.com>; 'Marshall Scott' <marshallscott@pobox.com>; Marshall Scott <mscott@skfoods.com> |
| **Subject:** | FW: Equity Rollfoward and Spin-off of Cedenco JE's |
| **Attach:** | SK AJEs.xls; SK TB.xls; SKF Equity roll.xls |

FYI – look at the SK AJE's 15-18, 22, 32, and 35

These entries reflect the activity on the Cedenco –SKA and SKI accts.

The idea was to get everything into one acct so that when we spun it off, we could deal w/ everything at one time and have it all go away.  Or at least that is what I thought was supposed to happen per my conversation w/ Dan Nutley, when I rolled everything into one acct.  I did each transaction separately so that I could track each and know what was the make-up of the acct.

These JE's are the details for the $18m of investment in sub.  Approx $8m is unrealized gain/loss on foreign sub and the other $11m is money that was in the intercompany payable/receivable accts.

Shondale

**From:** Shondale Seymour
**Sent:** Wednesday, July 30, 2008 9:35 PM
**To:** Mark McCormick
**Subject:** FW: Equity Rollfoward and Spin-off of Cedenco JE's

Mark

Look at the "other column" on the SKF equity rollforward, you will find the adjustment to spin off the Cedenco investment.

Line 242, JE#35 in the SK AJE's .xls has the adjustment MA booked for the spin off (the same as shown in the equity rollforward noted above)

Look at group L, line 366 on the SK TB .xls.  This shows all the amounts that were in the due to/from SKA and SKI for payable/receivables and unrecognized foreign currency gain/loss that were transferred into the investment acct so that it could all be analyzed together.  I thought the entire acct was going to disappear to the SSCL trust but that is not how MA interpreted the spin-off docs.

Shondale

**From:** Roger Coutts [mailto:Roger.Coutts@mossadams.com]
**Sent:** Monday, July 07, 2008 5:32 PM
**To:** Shondale Seymour
**Subject:** RE: Equity Rollfoward

Hi Shondale,

Here is what I have. Hope this helps.

**ROGER COUTTS, CPA | MOSS ADAMS LLP**
3121 West March Lane Suite100 | Stockton, CA 95219
Direct 209.955.6122 | Fax 209.955.6199

**SHARP_CH15 000830**

**From:** Shondale Seymour [mailto:ShondaleS@skfoods.com]
**Sent:** Monday, July 07, 2008 10:41 AM
**To:** Dan Nutley; Roger Coutts
**Subject:** RE: Equity Rollfoward

Roger,

I've got Deborah in here this week and I'd like her to update the workpapers for last year and she is also working on preparing our June 30,2008 audit file.  If you can send over what you have for the equity rollfoward or any high level entries you made, that would help.

The trial balance and adjustments that were sent over, we tie out to.  However, I don't have an adjustment in the system for the Cedenco Spin-off.  Can you send that over as I believe that is part of my problem.

Thanks

Shondale

---

**From:** Dan Nutley [mailto:Dan.Nutley@mossadams.com]
**Sent:** Thursday, July 03, 2008 4:48 PM
**To:** Shondale Seymour
**Subject:** RE: Equity Rollfoward

Have out of the office for our strategic planning meeting.  Have asked Roger to take a look at rollforward question.

Thanks

Dan

Dan Nutley
Partner
Moss Adams, LLP
Office: 209 955 6108
Cell: 209 481 0631
dan.nutley@mossadams.com

---

**From:** Shondale Seymour [mailto:ShondaleS@skfoods.com]
**Sent:** Tuesday, July 01, 2008 7:18 PM
**To:** Dan Nutley
**Subject:** Equity Rollfoward

Dan,

I'm prepping the workpapers for the upcoming year and I noticed that my equity rollfoward doesn't agree to the one in the AFS.  I assume it has something to do w/ the spin-off of the Cedenco sub into the SSCL trust.

Can you send me over the final adjustments and financial statement only adjustments, along with an equity roll-forward?

I had a copy of the final TB that Irene sent to me at one time and we had tied all of our numbers to that, but my equity doesn't roll and there are a few other nuances, which all tie to equity.

Thanks

Shondale

**SHARP_CH15 000831**

# EXHIBIT 80

*Audit*
*SS— Original*

## GARY G. PERRY
### ATTORNEY AT LAW
2251 FAIR OAKS BLVD., SUITE 200
SACRAMENTO, CA 95825
(916) 649-0742
Facsimile (916) 649-0010
gary@garyperrylaw.com

**PERSONAL & CONFIDENTIAL PLEASE GIVE**

| | | |
|---|---|---|
| TO | : | Brenda/Shondale Seymour |
| FIRM | : | SK |
| FROM | : | GARY G. PERRY, ESQ. |
| FAX # | : | (559) 924-0178 |
| DATE | : | 9/5/08 |
| RE | : | Additional Items |
| MESSAGE | : | Please review. |

Number of
Pages        :        __5__

THIS FACSIMILE, INCLUDING ANY ACCOMPANYING DOCUMENTS, IS CONFIDENTIAL, intended for the sole use of the addressee(s), and may contain information that is privileged and exempt from disclosure under applicable law. If you are neither the intended recipient nor responsible for delivering the message to the intended recipient, please note that any dissemination, distribution, copying or the taking of any action in reliance upon the message is strictly prohibited. If you have received this communication in error, please notify the sender immediately. Thank you.

## DEBT ASSIGNMENT AGREEMENT

This Debt Assignment Agreement is entered into by and among SK Foods, L.P., a California Limited Partnership (the "Partnership"), SSC&L 2007 Trust (the "Trust"), and Cedenco Foods, Limited, a New Zealand Company ("Cedenco") on this 1st day of November, 2006.

### RECITALS

A.     The Partnership holds debt on which Cedenco is the obligor (the "Debt").

B.     The Trust has agreed to become an obligor of the Debt without releasing Cedenco from liability for the payment of the Debt.

C.     The parties hereto desire that effective as of the date hereof the Trust shall be an obligor of the Debt in favor of the Partnership.

Now, therefore, the parties agree as follows:

1.     _Debt Assignment_.  Without reducing, altering, or otherwise affecting the liability of Cedenco for the payment of the Debt or the terms for payment of the Debt, Cedenco hereby assigns its obligations for the payment of the Debt to the Trust and the Trust hereby assumes the obligations of Cedenco under the terms of the Debt.

2.     _Consent_.  The Partnership hereby consents to the assignment set forth in Section 1.  Notwithstanding the consent of the Partnership to the assignment, Cedenco shall remain liable for all of its obligations to the Partnership arising out of or related to the Debt.

3.     _Indemnity_.  Cedenco shall indemnify and hold harmless the Trust from any liability, loss, damages, claims, and costs arising out or related to this Agreement and the Debt.

4.     _Notices/Delivery_.  Unless otherwise provided herein, any notice, tender or delivery to be given hereunder by either party to the other may be effected by personal delivery or by registered or certified mail, postage prepaid, return receipt requested.  Mailed notice shall be addressed as set forth below:

<div style="margin-left:2em;">

_Partnership_           SK Foods, L.P.
                        P.O. Box 160
                        Lemoore, CA  93245
                        Attn: Mark McCormick

</div>

|          |                            |
|----------|----------------------------|
| <u>Cedenco</u> | Cedenco Foods, Limited |
|          | P.O. Box 160               |
|          | Lemoore, CA  93245         |
|          | Attn: Mark McCormick       |
|          |                            |
| <u>Trust</u> | SSC&L 2007 Trust       |
|          | 200 Sky Park Drive         |
|          | Monterey, CA 93940         |
|          | Attn: Scott Salyer         |

Either party may change such address for notification purposes by sending written notice thereof to the other party pursuant to this section. Mailed notice, shall be deemed delivered within three (3) days after deposit thereof in the United States mail.

5.    <u>Waivers</u>.  No Waiver of any breach of any covenant or provision herein contained shall be deemed a waiver of any preceding or succeeding breach thereof, or of any other covenant or provision herein contained.  No extension of time for performance of any obligation or act shall be deemed an extension of the time for performance of any other obligation.

6.    <u>Successors and Assigns</u>.  This Agreement shall be binding upon and shall inure to the benefit of the permitted successors and assigns of the parties hereto.

7.    <u>Professional Fees</u>.  If either party commences an action against the other to interpret or enforce any of the terms of this Agreement or because of the breach by the other party of any of the terms hereof, the losing party shall pay to the prevailing party reasonable attorneys' fees, costs and expenses and court costs and other costs of action incurred in connection with the prosecution or defense of such action, whether or not the action is prosecuted to a final judgment.  For the purpose of this Agreement, the terms "attorneys fees" or "attorneys" fees and costs" shall mean the fees and expenses of counsel to the parties hereto, which may include printing, photostating, duplicating and other expenses, air freight charges, and fees billed for law clerks, paralegals, librarians and others not admitted to the bar but performing services under the supervision of an attorney.  The terms "attorneys fees" or "attorneys" fees and costs" shall also include, without limitation, all such fees and expenses incurred with respect to appeals, arbitrations and bankruptcy proceedings, and whether or not any action or proceeding is brought with respect to the matter for which said fees and expenses were incurred.  The term "attorney" shall have the same meaning as "counsel".

8.    <u>Entire Agreement</u>.  This Agreement (including all exhibits attached hereto) is the final expression of, and contains the entire agreement between, the parties with respect to the subject matter hereof and supersedes all prior understandings with respect to thereto.  This Agreement may not be modified, changed, supplemented, superseded, canceled or terminated, nor may any obligations hereunder be waived, except by written instrument signed by the party to be charged or by its agent duly authorized in writing or as otherwise expressly permitted herein.

2

The parties do not intend to confer any benefit hereunder on any person, firm or corporation other than the parties hereto and lawful assignees.

9.    Time of Essence. Partners hereby acknowledge and agree that time is strictly of the essence with respect to each and every term, condition, obligation and provision hereof and that failure to timely perform any of the terms, conditions, obligations or provisions hereof by either party shall constitute a material breach of and a non-curable default under this Agreement by the party so failing to perform.

10.    Construction. Headings at the beginning of each section and subsection are solely for the convenience of the parties and are not part of the Agreement. Whenever required by the context of this Agreement, the singular shall include the plural and the masculine shall include the feminine and vice versa. This Agreement shall not be construed as if it had been prepared by one of the parties, but rather as if both parties had prepared the same. Unless otherwise indicated, all references to sections, subsections are to this Agreement. The words "include" or "including" mean include or including, as the case may be, without limitation.

11.    Governing Law. The parties hereto acknowledge that this Agreement has been negotiated and entered into in the State of California. The parties hereto expressly agree that this Agreement shall be governed by, interpreted under, and construed and enforced in accordance with the laws of the State of California.

12.    Days of Week/Time. If any date for performance herein falls on a Saturday, Sunday, or holiday, as defined in Section 6700 of the California Government Code, the time for such performance shall be extended to 5:00 p.m. on the next business day.

13.    Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which, together, shall constitute one and the same instrument.

14.    Exhibits. Each of the exhibits attached hereto is incorporated into and made a part of this Agreement as though fully set forth herein.

15.    Facsimile Signatures. In order to expedite the transaction contemplated herein, facsimile signatures may be used in place of original signatures on this Agreement. The Partners intend to be bound by the signatures on the facsimile document, are aware that the other party will rely on the facsimile signatures, and hereby waive any defenses to the enforcement of the terms of this Agreement based on the use of a facsimile signature.



3

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date set forth above.

Partnership

SK Foods, L.P., a California limited partnership

By:    SK PM Corp., a California corporation
General Partner

       By:

Cedenco

Cedenco Foods, Limited, a New Zealand Company

By:

SSC&L Trust

SSC&L Trust

By:

       Scott Salyer, Trustee

4

# EXHIBIT 81

# SK FOODS AUSTRALIA PTY LTD
## ACN 099 245 735

## Special Purpose Financial Report
## For the Financial year ended
## 31 October 2008



Cedenco

where good food begins

# SK FOODS AUSTRALIA PTY LTD

## ANNUAL FINANCIAL REPORT
## FOR THE YEAR ENDED
## 31 OCTOBER 2008

### CONTENTS

PAGE

| | |
|---|---|
| Directory | 2 |
| Directors' Report | 3 |
| Auditors' Independence Declaration | 5 |
| Independent Audit Report | 6 |
| Directors' Declaration | 8 |
| Income Statement | 9 |
| Balance Sheet | 10 |
| Statement of recognised income and expense | 11 |
| Cash flow statement | 12 |
| Notes to the Financial Statements | 13 |

BMO 001453

# SK FOODS AUSTRALIA PTY LTD

## DIRECTORY

| | |
|---|---|
| **DIRECTORS** | Frederick Scott Salyer<br>Henry John Heath<br>Richard Gifford Lawrence |
| **HOLDING COMPANY** | SK Foods LP<br>1175 19th Avenue<br>Lemoore, California<br>USA |
| **ULTIMATE HOLDING ENTITY** | Scott Salyer Revocable Trust<br>1175 19th Avenue<br>Lemoore, California<br>USA |
| **SUBSIDIARY COMPANY** | Cedenco JV Australia Pty Ltd<br>ACN 075 836 010<br>Registered Office<br>Cornelia Creek Road<br>Echuca Vic 3564<br>Australia |
| **AUDITORS** | Deloitte Touche Tohmatsu<br>Level 11, 180 Lonsdale Street<br>Melbourne. Vic 3000<br>Australia |
| **SOLICITORS** | Dawes & Vary Pty Ltd<br>ABN 480053800352<br>51-55 Heygarth Street<br>Echuca, VIC 3564<br>Australia |
| **COUNTRY OF INCORPORATION** | Australia |
| **COMPANY NUMBER** | ACN 099 245 735 |
| **REGISTERED OFFICE AND PRINCIPLE PLACE OF BUSINESS** | 54 Cornelia Creek Road<br>Echuca. Vic. 3564<br>Australia |

Page 2

# SK FOODS AUSTRALIA PTY LTD

# DIRECTORS' REPORT

The Directors of SK Foods Australia Pty Ltd submit herewith the special purpose financial report of the Company for the year from 1 November 2007 to 31 October 2008. Comparative figures are for the 12 month period from 1 November 2006 to 31 October 2007.

In order to comply with the provisions of the Corporations Act 2001, the Directors report as follows:

The names of the directors of the company in office during or since the end of the financial period are:

Frederick Scott Salyer
Henry John Heath
Richard Gifford Lawrence

**Principal Activities**

The Company is a holding company which directly holds a 50% investment in Cedenco Australia Partnership, a joint venture business involving the production, marketing and supply of various fruit and vegetable products. The Company also has a 100% owned subsidiary Cedenco JV Australia Pty Ltd, which holds the other 50% share of Cedenco Australia Partnership. The Group comprises of the Company, its Subsidiary, and Partnership.

During the financial period there has been no significant change in the nature of the activities of the Group.

**Review of Operations**

For the year ended 31 October 2008, the Company's net profit after taxation was $ 94,084 (2007 – $ 180,403 profit). The Group's net profit after taxation was $ 1,398,713 (2007 – $ 1,645,500 profit).

**Changes in State of Affairs**

During the financial year there was no significant change in the state of affairs of the consolidated entity

**Subsequent events**

There has not been any matter or circumstance, that has arisen since the end of the financial year, that has significantly affected, or may significantly affect, the operations of the consolidated entity, the results of those operations, or the state of affairs of the consolidated entity in future financial years.

**Future Developments**

Disclosure of information regarding likely developments in the operations of the Company in future financial years and the expected results of those operations is likely to result in unreasonable prejudice to the Group. Accordingly this information has not been disclosed in this report.

BMO 001455

# SK FOODS AUSTRALIA PTY LTD

# DIRECTORS' REPORT (Continued)

**Environmental Regulations**

The Company's operations are not subject to significant environmental regulations under Commonwealth and State legislation. However the Directors believe the Company has implemented adequate systems for the management of its environmental requirements and is not aware of any breach that would materially affect the special purpose financial report.

**Dividends**

No dividends have been paid or declared since the beginning of the financial year. The directors do not recommend the payment of a dividend in respect of the financial year ended 31 October 2008.

**Indemnification of Officers and Auditors**

During the financial year a related party Cedenco Australia Partnership paid a premium in respect of a contract insuring the directors of the Company and Company Secretary against liability incurred as such a director or secretary to the extent permitted by the Corporations Act 2001. The contract of insurance prohibits disclosure of the liability and the amount of the premium. The Company has not otherwise, during or since the end of the financial year, indemnified or agreed to indemnify an officer or auditor of the Company or any related body corporate against a liability incurred as such an officer or auditor.

**Auditor's Independence Declaration**

The auditor's independence declaration is included on Page 5 of the financial report.

**Rounding off of amounts**

The Company is a company of the kind referred to in ASIC Class Order 98/0100, dated 10 July 1998, and in accordance with that Class Order amounts in the directors' report and the financial report are rounded off to the nearest thousand dollars, unless otherwise indicated.

Signed in accordance with a resolution of the directors made pursuant to s.298(2) of the Corporations Act 2001.

On behalf of the Directors

R G Lawrence
SK Foods Australia Pty Ltd

27 February 2009

H J Heath
SK Foods Australia Pty Ltd

27 February 2009

Page 4

# Deloitte.

Deloitte Touche Tohmatsu
ABN. 74 490 121 060

180 Lonsdale Street
Melbourne VIC 3000
GPO Box 78
Melbourne VIC 3001 Australia

DX 111
Tel:  +61 (0) 3 9208 7000
Fax:  +61 (0) 3 9208 7001
www.deloitte.com.au

The Management Committee
SK Foods Australia Pty Ltd
Cornelia Creek Road
PO Box 81,
Echuca, VIC 3564

27 February 2009

Dear Committee Members

## SK Foods Australia Pty Ltd

In accordance with section 307C of the Corporations Act 2001, I am pleased to provide the following declaration of independence to the directors of SK Foods Australia Pty Ltd.

As lead audit partner for the audit of the financial statements of SK Foods Australia Pty Ltd for the financial year ended 31 October 2008, I declare that to the best of my knowledge and belief, there have been no contraventions of:

(i) the auditor independence requirements of the Corporations Act 2001 in relation to the audit; and

(ii) any applicable code of professional conduct in relation to the audit.

Yours sincerely

*Deloitte Touche Tohmatsu*
DELOITTE TOUCHE TOHMATSU

*Craig B*
Craig Bryan
Partner
Chartered Accountants

Member of
Deloitte Touche Tohmatsu

Liability limited by a scheme approved under Professional Standards Legislation.

5

# Deloitte.

Deloitte Touche Tohmatsu
ABN. 74 490 121 060

180 Lonsdale Street
Melbourne VIC 3000
GPO Box 78
Melbourne VIC 3001 Australia

DX 111
Tel: +61 (0) 3 9208 7000
Fax: +61 (0) 3 9208 7001
www.deloitte.com.au

## Independent Auditor's Report to the Members of SK Foods Australia Pty Ltd

We have audited the accompanying financial report, being a special purpose financial report, of SK Foods Australia Pty Ltd, which comprises the balance sheet as at 31 October 2008, and the income statement, cash flow statement and statement of recognised income and expense for the year ended on that date, a summary of significant accounting policies, other explanatory notes and the directors' declaration of the consolidated entity comprising the company and the entities it controlled at the year's end or from time to time during the financial year as set out on pages 8 to 26.

### Directors' Responsibility for the Financial Report

The directors of the company are responsible for the preparation and fair presentation of the financial report and have determined that the accounting policies described in Note 2 to the financial statements, which form part of the financial report, are appropriate to meet the requirements of the *Corporations Act 2001* and are appropriate to meet the needs of the Members. The directors' responsibility also includes establishing and maintaining internal control relevant to the preparation and fair presentation of the financial report that is free from material misstatement, whether due to fraud or error; selecting and applying appropriate accounting policies; and making accounting estimates that are reasonable in the circumstances.

### Auditor's Responsibility

Our responsibility is to express an opinion on the financial report based on our audit. No opinion is expressed as to whether the accounting policies used, as described in Note 2, are appropriate to meet the needs of the Members. We conducted our audit in accordance with Australian Auditing Standards. These Auditing Standards require that we comply with relevant ethical requirements relating to audit engagements and plan and perform the audit to obtain reasonable assurance whether the financial report is free from material misstatement.

An audit involves performing procedures to obtain audit evidence about the amounts and disclosures in the financial report. The procedures selected depend on the auditor's judgement, including the assessment of the risks of material misstatement of the financial report, whether due to fraud or error. In making those risk assessments, the auditor considers internal control relevant to the entity's preparation and fair presentation of the financial report in order to design audit procedures that are appropriate in the circumstances, but not for the purpose of expressing an opinion on the effectiveness of the entity's internal control. An audit also includes evaluating the appropriateness of accounting policies used and the reasonableness of accounting estimates made by the directors, as well as evaluating the overall presentation of the financial report.

The financial report has been prepared for distribution to the Members for the purpose of fulfilling the directors' financial reporting requirements under the *Corporations Act 2001*. We disclaim any assumption of responsibility for any reliance on this report or on the financial report to which it relates to any person other than the Members, or for any purpose other than that for which it was prepared.

Member of
Deloitte Touche Tohmatsu

Liability limited by a scheme approved under Professional Standards Legislation.

# Deloitte.

We believe that the audit evidence we have obtained is sufficient and appropriate to provide a basis for our audit opinion.

*Auditor's Independence Declaration*

In conducting our audit, we have complied with the independence requirements of the *Corporations Act 2001*.

*Auditor's Opinion*

In our opinion, the financial report of SK Foods Australia Pty Ltd is in accordance with the *Corporations Act 2001*, including:

(a) giving a true and fair view of the company's and it's consolidated entity's financial position as at 31 October 2008 and of their performance for the year ended on that date in accordance with the accounting policies described in Note 2; and

(b) complying with Australian Accounting Standards to the extent described in Note 2 and the *Corporations Regulations 2001*.


*Deloitte Touche Tohmatsu*
DELOITTE TOUCHE TOHMATSU


Craig Bryan
Partner
Chartered Accountants
Melbourne, 27 February 2009

# SK FOODS AUSTRALIA PTY LTD

## DIRECTORS' DECLARATION

As detailed in Note 2 to the financial statements, the company is not a reporting entity because in the opinion of the directors there are unlikely to exist users of the financial report who are unable to command the preparation of reports tailored so as to satisfy specifically all of their information needs. Accordingly, this special purpose financial report has been prepared to satisfy the directors' reporting requirements under the Corporations Act 2001.

The Directors declare that:

(a) in the directors' opinion, there are reasonable grounds to believe that the company will be able to pay its debts as and when they become due and payable; and

(b) in the directors' opinion, the attached financial statements and notes thereto are in accordance with the Corporations Act 2001, including compliance with accounting standards and giving a true and fair view of the financial position and performance of the company and the consolidated entity.

Signed in accordance with a resolution of the Directors made pursuant to s.295(5) of the Corporations Act 2001.

On behalf of the Directors

R G Lawrence                    27 February 2009
SK Foods Australia Pty Ltd

H J Heath                        27 February 2009
SK Foods Australia Pty Ltd

Page 8

# SK FOODS AUSTRALIA PTY LTD

## Income Statement
### for the financial year ended 31 October 2008

| | Note | Group 2008 $ 000 | Group 2007 $ 000 | Company 2008 $ 000 | Company 2007 $ 000 |
|---|---|---|---|---|---|
| **Revenue from the sales of goods** | 3 | 46,738 | 50,038 | - | - |
| Cost of sales | 3 | (43,550) | (41,030) | - | - |
| **Gross profit** | | 3,188 | 9,008 | - | - |
| Distributions from Subsidiary | | - | - | 1,425 | 1,472 |
| Other revenues | 3 | 945 | 798 | 13 | 10 |
| Marketing expenses | | (204) | (240) | - | - |
| Storage expenses | | (401) | (360) | - | - |
| Finance costs | 3 | (2,877) | (2,474) | (705) | (717) |
| Administration expenses | | (1,314) | (2,470) | (28) | (42) |
| Fair value gains on derivatives | | 440 | - | - | - |
| Foreign exchange gains / (losses) | 3 | 2,393 | (1,204) | (215) | 175 |
| **Profit before income tax expense** | | 2,170 | 3,058 | 490 | 898 |
| Income tax expense | | (771) | (1,412) | (396) | (717) |
| **Profit attributable to members of the entity** | 20 | 1,399 | 1,646 | 94 | 181 |

Notes to the financial statements are included on pages 13-26.

BMO 001461

# SK FOODS AUSTRALIA PTY LTD

## Balance Sheet
### as at 31 October 2008

| | Note | Group 2008 $ 000 | Group 2007 $ 000 | Company 2008 $ 000 | Company 2007 $ 000 |
|---|---|---|---|---|---|
| **Current Assets** | | | | | |
| Cash and cash equivalents | 4 | 163 | 633 | 20 | 518 |
| Trade and other receivables | 5 | 6,764 | 4,490 | - | - |
| Inventories | 6 | 8,948 | 7,071 | - | - |
| Current tax assets | 14 | 984 | - | 1,927 | 171 |
| Other financial assets | 10 | 5,235 | - | - | - |
| Other assets | 7 | 2,079 | 449 | - | - |
| **Total Current Assets** | | 24,173 | 12,644 | 1,947 | 689 |
| | | | | | |
| **Non-Current Assets** | | | | | |
| Property, plant & equipment | 11 | 15,901 | 17,565 | - | - |
| Investments | 9 | - | - | 20,949 | 20,949 |
| Other financial assets | 10 | 17,459 | 13,557 | - | - |
| Goodwill | 12 | 1,864 | 1,864 | - | - |
| Deferred tax assets | 8 | 183 | 714 | 69 | 349 |
| **Total Non-Current Assets** | | 35,407 | 33,700 | 21,018 | 21,298 |
| **Total Assets** | | 59,580 | 46,343 | 22,965 | 21,987 |
| | | | | | |
| **Current Liabilities** | | | | | |
| Borrowings | 13 | 15,197 | 3,000 | - | - |
| Trade and other payables | 15 | 7,763 | 2,008 | 220 | 250 |
| Provisions | 16 | 363 | 355 | - | - |
| Current tax payables | 14 | - | 648 | - | - |
| Other Financial Liabilities | 17 | - | 535 | - | - |
| **Total Current Liabilities** | | 23,323 | 6,546 | 220 | 250 |
| | | | | | |
| **Non-Current Liabilities** | | | | | |
| Borrowings | 13 | 27,386 | 34,001 | 20,144 | 19,230 |
| Provisions | 16 | 105 | 97 | - | - |
| **Total Non-Current Liabilities** | | 27,491 | 34,098 | 20,144 | 19,230 |
| **Total Liabilities** | | 50,814 | 40,644 | 20,364 | 19,480 |
| **Net Assets** | | 8,766 | 5,699 | 2,601 | 2,507 |
| | | | | | |
| **Equity** | | | | | |
| Issued capital | 18 | 15 | 15 | 15 | 15 |
| Reserves | 19 | 1,133 | (535) | - | - |
| Retained earnings | 20 | 7,618 | 6,219 | 2,586 | 2,492 |
| **Total Equity** | | 8,766 | 5,699 | 2,601 | 2,507 |

Notes to the financial statements are included on pages 13-26

Page 10

BMO 001462

# SK FOODS AUSTRALIA PTY LTD

## Statement of Recognised income and expense
### for the financial year ended 31 October 2008

|  | Note | Group 2008 $ 000 | Group 2007 $ 000 | Company 2008 $ 000 | Company 2007 $ 000 |
|---|---|---|---|---|---|
| Gain / (Loss) on Cash Flow hedges taken directly to equity |  | 1,668 | (535) | - | (268) |
| Net income / (loss) recognised directly into equity |  | 1,668 | (535) | - | (268) |
| Profit for the period |  | 1,399 | 1,646 | 94 | 181 |
| Total recognised income and expense for the period attributable to members of the entity |  | 3,067 | 1,111 | 94 | (88) |

Notes to the financial statements are included on pages 13-26

Page 11

BMO 001463

# SK FOODS AUSTRALIA PTY LTD

## Cash flow Statement
### For the financial year ended 31 October 2008

| | Note | Group 2008 $ 000 | Group 2007 $ 000 | Company 2008 $ 000 | Company 2007 $ 000 |
|---|---|---|---|---|---|
| **Cash Flows From Operating Activities** | | | | | |
| Receipts from customers | | 49,583 | 56,650 | - | - |
| Payments to suppliers & employees | | (45,924) | (44,397) | (32) | (62) |
| Interest Received | | 116 | 102 | 13 | 9 |
| Interest and other costs of finance paid | | (1,718) | (913) | (2) | (14) |
| Income tax paid, net of refund | | (1,872) | (2,061) | (1,872) | (1,202) |
| **Net cash provided by / (used in) operating activities** | 23(b) | 185 | 9,381 | (1,893) | (1,269) |
| **Cash Flows From Investing Activities** | | | | | |
| Payments for property, plant and equipment | | (693) | (2,178) | - | - |
| Distribution from related parties | | - | - | 1,425 | 1,472 |
| Proceeds from sales of property, plant and equipment | | 91 | 42 | - | - |
| Loan to related party | | (3,750) | (1,500) | (30) | - |
| **Net cash used in investing activities** | | (4,352) | (3,636) | 1,395 | 1,472 |
| **Cash Flows From Financing Activities** | | | | | |
| Proceeds / (repayments) of borrowings | | 3,300 | (6,000) | - | - |
| **Net cash (used in) / provided by financing activities** | | 3,300 | (6,000) | - | - |
| **Net (decrease) / increase in cash and cash equivalents** | | (867) | (255) | (498) | 203 |
| **Cash and cash equivalents at the beginning of the financial year** | | 633 | 888 | 518 | 315 |
| **Cash and cash equivalents at the end of the financial year** | 23(a) | (234) | 633 | 20 | 518 |

Notes to the financial statements are included on pages 13-26

BMO 001464

# SK FOODS AUSTRALIA PTY LTD

## NOTES TO THE FINANCIAL STATEMENTS
## for the financial year ended 31 October 2008

| NOTE | CONTENTS |
|---|---|
| 1 | Adoption of new and revised Accounting Standards |
| 2 | Summary of Accounting Policies |
| 3 | Profit from Operations |
| 4 | Current Assets - Cash and cash equivalents |
| 5 | Current Assets - Trade and other receivables |
| 6 | Current Assets - Inventories |
| 7 | Current Assets - Other |
| 8 | Non-Current Assets - Deferred tax |
| 9 | Non-Current Assets - Investments |
| 10 | Current / Non-Current Assets - Other financial assets |
| 11 | Non-Current Assets - Property, plant and equipment |
| 12 | Non-Current Asset - Goodwill |
| 13 | Current / Non-Current Liabilities - Borrowings |
| 14 | Current Assets / Liabilities - Tax |
| 15 | Current Liabilities - Trade and other payables |
| 16 | Current and Non-Current Liabilities - Provisions |
| 17 | Current Liabilities - Other financial liabilities |
| 18 | Issued capital |
| 19 | Reserves |
| 20 | Retained earnings |
| 21 | Dividends |
| 22 | Commitments for expenditure |
| 23 | Notes to the statement of cash flows |
| 24 | Subsequent events |
| 25 | Parent entity |

BMO 001465

# SK FOODS AUSTRALIA PTY LTD

## NOTES TO THE FINANCIAL STATEMENTS
## for the financial year ended 31 October 2008

**Note 1.**                    Adoption of new and revised Accounting Standards

In the current year, the company has adopted all the new and revised Standards and Interpretations issued by the Australian Accounting Standards Boards (the AASB) that are relevant to its operations and effective for the current annual reporting period. The company has also adopted the following Standards as listed below which has only impacted on the financial statements with respect to disclosure.
- AASB 101 'Presentation of Financial Statements' (revised September 2006)

At the date of authorisation of the financial report, the following Standards and Interpretations, relevant to the entity, listed below were in issue but not yet effective.
Initial application of the following Standards will not affect any of the amounts recognised in the financial report, but will change the disclosures presently made in relation to the company's financial report:

| Standards | Effective for an reporting periods begin on or after | expected to be initially led in the financial year ending |
|---|---|---|
| AASB 101 'Presentation of Financial Statements' (revised September 2007), AASB 2007-8 'Amendments to Australian Accounting Standards arising from AASB 101' | 1 January 2009 | 31 October 2010 |
| AASB 8 'Operating Segments', AASB 2007-03 'Amendments to Australian Accounting Standards arising from AASB 8' | 1 January 2009 | 31 October 2010 |

Initial Application of the following Standards and Interpretations is not expected to have any material impact on the financial report of the company:

| Standard/Interpretation | Effective for an reporting periods begin on or after | unexpected to be initially led in the financial year ending |
|---|---|---|
| AASB 123 'Borrowing Costs' (revised), AASB 2007-6 'Amendments to Australian Accounting Standards arising from AASB 123' | 1 January 2009 | 31 October 2010 |
| AASB 3 'Business Combinations' (2008), AASB 127 'Consolidated and Separate Financial Statements' and AASB 2008-3 'Amendments to Australian Accounting Standards arising from AASB 3 and AASB 127' | AASB 3 (business combinations occuring after the beginning of annual reporting periods beginning 1 July 2009), AASB 127 and AASB 2008-3 (1 July 2009) | 31 October 2010 |
| AASB 2008-5 'Amendments to Australian Accounting Standards arising from the Annual Improvements Project' | 1 January 2009 | 31 October 2010 |
| AASB 2008-6 'Further Amendments to Australian Accounting Standards arising from the Annual Improvements Project' | 1 July 2009 | 31 October 2010 |
| AASB 2008-7 'Amendments to Australian Accounting Standards - Cost of an Investment in a Subsidiary, Jointly Controlled Entity or Associate' | 1 January 2009 | 31 October 2010 |
| AASB Interpretation 15 'Agreements for the Construction of Real Estate' | 1 January 2009 | 31 October 2010 |

The Directors anticipate that the adoption of these Standards and Interpretations in future periods will have no material impact on the financial statements of SK Foods Australia Pty Ltd.

BMO 001466

# SK FOODS AUSTRALIA PTY LTD

## NOTES TO THE FINANCIAL STATEMENTS
## for the financial year ended 31 October 2008

**Note 2.**          **Summary of Accounting Policies**

The financial statements presented are those for SK Foods Australia Pty Ltd (the Company) and the SK Foods Australia Pty Ltd Group (the Group). The Group consists of the Company, its subsidiary and partnership.

**Financial Reporting Framework**

The Company is not a reporting entity because in the opinion of the directors there are unlikely to exist users of the financial report who are unable to command the preparation of reports tailored so as to satisfy specifically all of their information needs. Accordingly, this special purpose financial report has been prepared to satisfy the directors reporting requirements under the Corporations Act 2001.

**Statement of Compliance**

The financial report has been prepared in accordance with the Corporations Act 2001, the basis of accounting specified by all Accounting Standards and Interpretations, and the disclosure requirements of Accounting Standards AASB 101 "Presentation of Financial Statements", AASB 107 "Cashflow Statements", and AASB 108 "Accounting Policies, Changes In Accounting Estimates and Errors". Accounting Standards include Australian equivalents to International Financial Reporting Standards ("A-IFRS").

**Basis of Preparation**

The financial report has been prepared on the basis of historical cost except for the revaluation of certain non current assets and financial instruments. Cost is based on the fair values of the consideration given in exchange for assets.

The following significant accounting policies have been adopted in the preparation and presentation of the financial report:

(a)     **Borrowings**
         Borrowings are initially recorded at fair value, net of transaction costs.
         Borrowings are subsequently measured at amortised cost with the transaction costs recognised as an interest
         expense over the life of the borrowing.

(b)     **Cash and cash equivalents**
         Cash and cash equivalents comprise cash on hand, cash in banks and investments in money market instruments
         net of outstanding bank overdrafts. Bank overdrafts are shown within borrowings in current liabilities in the balance sheet.

(c)     **Derivative financial instruments**
         The company enters into a variety of derivative financial instruments to manage its exposure to interest rate and
         foreign exchange rate risk, including foreign exchange contracts and interest rate swaps.
         Derivatives are initially recognised at fair value on the date a derivative contract is entered into and are subsequently remeasured to
         their fair value at each reporting date. The resulting gain or loss is recognised in profit and loss immediately unless the derivative is
         designated and effect as a hedging instrument, in which event, the timing of the recognition in profit or loss depends on the nature of the
         hedge relationship. The company designates either hedges of the fair value of recognised assets or liabilities or firm commitments (fair
         value hedges), hedges of highly probable forecast transactions or hedges of foreign current risk of firm commitments (cash flow
         hedges).
         The fair value of hedging derivatives is classified as a non current asset or a non current liability if the remaining
         maturity of the hedge relationship is more than 12 months and as a current asset or a current liability if the remaining maturity of the
         hedge relationship is less than 12 months.

         <u>Cash Flow Hedges</u>

         The effective portion of changes in the fair value of derivatives that are designated and qualify as cash flow hedges
         are deferred in equity. The gain or loss relating to the ineffective portion is recognised immediately in profit or loss as part of other
         expenses or other income.
         Amounts deferred in equity are recycled in profit or loss in the periods when the hedged item is recognised in profit
         or loss. However, when the forecast transaction that is hedged results in the recognition of a non financial asset or a non financial
         liability, the gains and losses previously deferred in equity are transferred from equity and included in the initial measurement of the cost
         of the asset or liability.

         Hedge accounting is discontinued when the company revokes the hedging relationship, the hedging instrument expires or is sold,
         terminated, of exercised, or no longer qualifies for hedge accounting. Any cumulative gain or loss deferred in equity at that time remains
         in equity and is recognised when the forecast transaction is ultimately recognised in profit or loss. When a forecast transaction is no
         longer expected to occur, the cumulative gain or loss that was deferred in equity is recognised immediately in the profit or loss.

BMO 001467

# SK FOODS AUSTRALIA PTY LTD

## NOTES TO THE FINANCIAL STATEMENTS
### for the financial year ended 31 October 2008

Note 2.          Summary of Accounting Policies (Continued)

**(d)**    **Employee benefits**

Provision is made for benefits accruing to employees in respect of wages and salaries, annual leave, long service leave, and sick leave when it is probable that settlement will be required and they are capable of being measured reliably. Provisions made in respect of employee benefits which are expected to be settled within 12 months, are measured at their nominal values using the remuneration rate expected to apply at the date of settlement.

Provisions made in respect of employee benefits which are not expected to be settled within 12 months are measured as the present value of the estimated future cash outflows to be made by the company in respect of services provided by employees up to reporting date.

**(e)**    **Financial assets**

*Investments*

Investments are recognised and derecognised on trade date where purchase or sale of an investment is under a contract whose terms require delivery of the investment within the timeframe established by the market concerned, and are initially measured at fair value, net of transaction costs.

Subsequent to initial recognition, investments in associates are accounted for under the equity method in the consolidated financial statements and the cost method in the company financial statements. Subsequent to initial recognition investment in subsidiaries is measured at cost.

*Loans and receivables*

Trade receivables, loans, and other receivables that have fixed or determinable payments that are not quoted in an active market are classified as 'loans and receivables'. Loans and receivables are measured at amortised cost using the effective interest method less impairment. Interest is recognised by applying the effective interest rate.

**(f)**    **Foreign Currency**

*Foreign currency transactions*

All foreign currency transactions during the financial year are brought to account using the exchange rate in effect at the date of the transaction. Foreign currency monetary items at reporting date are translated at the exchange rate existing at reporting date. Non-monetary assets and liabilities carried at fair value that are denominated in foreign currencies are translated at the rates prevailing at the date when the fair value was determined.

**(g)**    **Goods and services tax**

Revenues, expenses and assets are recognised net of the amount of goods and services tax (GST), except:

    i.  where the amount of GST incurred is not recoverable from the taxation authority, it is recognised as part of the cost of acquisition of an asset or as part of an item of expense; or

    ii.  for receivables and payables which are recognised inclusive of GST.

The net amount of GST recoverable from, or payable to, the taxation authority is included as part of receivables or payables. Cash flows are included in the cash flow statement on a gross basis. The GST component of cash flows arising from investing and financing activities which is recoverable from, or payable to, the taxation authority is classified as operating cash flows.

**(h)**    **Goodwill**

Goodwill, representing the excess of the cost of acquisition over the fair value of the identifiable assets, liabilities and contingent liabilities acquired, is recognised as an asset and not amortised, but tested for impairment annually and whenever there is an indication that the goodwill may be impaired. Any impairment is recognised immediately in profit or loss and is not subsequently reversed.

**(i)**    **Impairment of other tangible and intangible assets**

At each reporting date, the company reviews the carrying amounts of its tangible and intangible assets to determine whether there is any indication that those assets have suffered an impairment loss. If any such indication exists, the recoverable amount of the asset is estimated in order to determine the extent of the impairment loss (if any). Where the asset does not generate cash flows that are independent from other assets, the company estimates the recoverable amount of the cash-generating unit to which the asset belongs.

Goodwill is tested for impairment annually and whenever there is an indication that the goodwill may be impaired. An impairment of goodwill is not subsequently reversed.

Recoverable amount is the higher of fair value less costs to sell and value in use. In assessing value in use, the estimated future cash flows are discounted to their present value using a pre-tax discount rate that reflects current market assessments of the time value of money and the risks specific to the asset for which the estimates of future cash flows have not been adjusted.

If the recoverable amount of an asset (or cash-generating unit) is estimated to be less than its carrying amount, the carrying amount of the asset (or cash-generating unit) is reduced to its recoverable amount. An impairment loss is recognised in profit or loss immediately.

Where an impairment loss subsequently reverses, the carrying amount of the asset (or cash-generating unit) is increased to the revised estimate of its recoverable amount, but only to the extent that the increased carrying amount does not exceed the carrying amount that would have been determined had no impairment loss been recognised for the asset recognised for the asset (or cash-generating unit) in prior years. A reversal of an impairment loss is recognised in profit or loss immediately.

Page 16

SK FOODS AUSTRALIA PTY LTD

## NOTES TO THE FINANCIAL STATEMENTS
### for the financial year ended 31 October 2008

Note 2.                    Summary of Accounting Policies (Continued)

(j)      Income tax

Tax consolidation

The company and all its wholly owned Australian resident entities are part of a tax-consolidated group under Australian tax law. SK Foods Australia Pty Ltd is the head entity in the tax-consolidated group. The head entity, SK Foods Australia Pty Ltd, and the controlled entities in the tax-consolidated group continue to account for their own current and deferred tax amounts. These tax expenses / income, deferred tax liabilities and deferred tax assets arising from temporary differences of the members of the tax-consolidated group are recognised in the separate financial statements of the members of the tax-consolidated group using the "separate taxpayer within group" approach. Current tax liabilities and assets and deferred tax assets arising from unused tax losses and tax credits of the tax-consolidated group are recognised by the company (as head of the tax-consolidated group). Due to the existence of a tax funding arrangement between the entities in the tax-consolidated group, amounts are recognised as payable to or receivable by the company and each member of the group in relation to the tax contribution amounts paid or payable between the parent entity and other members of the tax-consolidated group in accordance with the arrangement. Where the tax contribution amount recognised by each member of the tax-consolidated group for a particular period is different to the aggregate of the current tax liability or asset and any deferred tax asset arising from unused tax losses and tax credits in respect of that period, the difference is recognised as a contribution from or distribution to equity participants.

Current tax

Current tax is calculated by reference to the amount of income taxes payable or recoverable in respect of the taxable profit or tax loss for the period. It is calculated using tax rates and tax laws that have been enacted or substantively enacted by reporting date. Current tax for current and prior periods is recognised as a liability (or asset) to the extent that it is unpaid (or refundable).

Deferred tax

Deferred tax is accounted for using the comprehensive balance sheet liability method in respect of temporary differences arising from differences between the carrying amount of assets and liabilities in the financial statements and the corresponding tax base of those items. Adjustments are made for transactions and events occurring within the tax-consolidated group that do not give rise to a tax consequence for the group or that have a different tax consequence at the level of the group.

In principle, deferred tax liabilities are recognised for all taxable temporary differences. Deferred tax assets are recognised to the extent that it is probable that sufficient taxable amounts will be available against which deductible temporary differences or unused tax losses and tax offsets can be utilised. However, deferred tax assets and liabilities are not recognised if the temporary differences giving rise to them arise from the initial recognition of assets and liabilities (other than as a result of a business combination) which affects neither taxable income nor accounting profit. Furthermore, a deferred tax liability is not recognised in relation to taxable temporary differences arising from goodwill.

Deferred tax liabilities are recognised for taxable temporary differences arising on investments in branches, associates and joint ventures except where the company is able to control the reversal of the temporary differences and it is probable that the temporary differences will not reverse in the foreseeable future. Deferred tax assets arising from deductible temporary differences associated with these investments and interests are only recognised to the extent that it is probable that there will be sufficient taxable profits against which to utilise the benefits of the temporary differences and they are expected to reverse in the foreseeable future.

Deferred tax assets and liabilities are measured at the tax rates that are expected to apply to the period(s) when the asset and liability giving rise to them are realised or settled, based on tax rates (and tax laws) that have been enacted or substantively enacted by reporting date. The measurement of deferred tax liabilities and assets reflects the tax consequences that would follow from the manner in which the company expects, at the reporting date, to recover or settle the carrying amount of its assets and liabilities.
Deferred tax assets and liabilities are offset when they relate to income taxes levied by the same taxation authority and the company intends to settle its current tax assets and liabilities on a net basis.

Current and deferred tax for the period

Current and deferred tax is recognised as an expense or income in the income statement.

(k)      Inventories

Inventories are valued at the lower of cost and net realisable value. Costs, including an appropriate portion of fixed and variable overhead expenses, are assigned to inventory on hand by the method most appropriate to each particular class of inventory, with the majority being valued on a first in first out basis. Net realisable value represents the estimated selling price less all estimated costs of completion and costs to be incurred in marketing, selling and distribution. Inventories of spare parts are identified and valued individually at cost.

BMO 001469

# SK FOODS AUSTRALIA PTY LTD

## NOTES TO THE FINANCIAL STATEMENTS
### for the financial year ended 31 October 2008

Note 2.                  Summary of Accounting Policies (Continued)

(l)    **Leased Assets**
Leases are classified as finance leases whenever the terms of the lease transfer substantially all the risks and rewards of ownership to the lessee. All other leases are classified as operating leases.
Operating lease payments are recognised as an expense on a straight-line basis over the lease term, except where another systematic basis is more representative of the time pattern in which economic benefits from the leased asset are consumed.

(m)    **Local Currency**
All amounts in this report are in Australian dollars, unless otherwise stated.

(n)    **Payables**
Trade payables and other accounts payable are recognised when the company becomes obliged to make future payments resulting from the purchase of goods and services.

(o)    **Property, plant and equipment**
Land and buildings, plant and equipment, are stated at cost less accumulated depreciation and impairment.
Cost includes expenditure that is directly attributable to the acquisition of the item. In the event that settlement of all or part of the purchase consideration is deferred, cost is determined by discounting the amounts payable in the future to their present value as at the date of acquisition.
Depreciation is provided on property, plant and equipment, including freehold buildings but excluding land. Depreciation is calculated on a straight-line basis so as to write off the net cost of each asset over its expected useful life to its estimated residual value. Leasehold improvements are depreciated over the period of the lease or estimated useful life, whichever is the shorter, using the straight line method. The estimated useful lives, residual values and depreciation method is reviewed at the end of each annual reporting period.
The following estimated useful lives are used in the calculation of depreciation:

|                           |              |
|---------------------------|--------------|
| Buildings & Improvements  | 5 - 25 years |
| Plant & Equipment         | 3 - 15 years |

(p)    **Provisions**
Provisions are recognised when the company has a present obligation (legal or constructive) as a result of a past event, it is probable that the company will be required to settle the obligation, and a reliable estimate can be made of the amount of the obligation. The amount recognised as a provision is the best estimate of the consideration required to settle the present obligation at reporting date, taking into account the risks and uncertainties surrounding the obligation. Where a provision is measured using the cashflows estimated to settle the present obligation, its carrying amount is the present value of those cashflows. When some or all of the economic benefits required to settle a provision are expected to be recovered from a third party, the receivable is recognised as an asset if it is virtually certain that recovery will be received and the amount of the receivable can be measured reliably.

(q)    **Revenue recognition**
Sale of goods
Revenue from the sale of goods is recognised when the company has transferred to the buyer the significant risks and rewards of ownership of the goods.

Interest revenue
Interest revenue is recognised on a time proportionate basis that takes into account the effective yield on the financial asset.

(r)    **Critical accounting judgements and key sources of estimation uncertainty**
Critical judgements in applying the entity's accounting policies
There are no critical judgements in the process of applying the companies accounting policies.
Key sources of estimation uncertainty
There are no significant key assumptions concerning the future, and other key sources of estimation uncertainty at the balance sheet date, that have a significant risk of causing a material adjustment to the carrying amounts of assets and liabilities within the next financial year.

BMO 001470

# SK FOODS AUSTRALIA PTY LTD

## NOTES TO THE FINANCIAL STATEMENTS
### for the financial year ended 31 October 2008

Note 3.                 Profit from Operations

Profit from operations include the following income and expense.

|  | Group 2008 $ 000 | Group 2007 $ 000 | Company 2008 $ 000 | Company 2007 $ 000 |
|---|---|---|---|---|
| **Operating Revenue** | | | | |
| Revenue from sale of goods | 46,738 | 50,038 | - | - |
| Interest revenue - related entities | 828 | 686 | - | - |
| Interest revenue – other entities | 116 | 112 | 13 | 10 |
| Others | - | - | - | - |
|  | 945 | 798 | 13 | 10 |
|  | 47,683 | 50,836 | 13 | 10 |
| **Expenses** | | | | |
| Cost of sales | 43,550 | 41,030 | - | - |
| Auditors remuneration | 96 | 110 | - | - |
| Finance costs: | | | | |
| Interest expense - related entities | 1,313 | 1,534 | 705 | 717 |
| Interest expense – other entities | 1,564 | 939 | - | - |
| Directors fees | - | - | - | - |
| Rental and operating lease expenses | 1,266 | 1,567 | - | - |
| Bad and doubtful debts provided | 4 | 36 | - | - |
| Depreciation on property, plant & equipment | | | | |
| – Buildings & Improvements | 400 | 390 | - | - |
| – Plant & Equipment | 1,866 | 1,824 | - | - |
| Net transfers to provisions | - | - | - | - |
| Net foreign exchange (gains) / losses | (2,393) | 1,204 | 215 | (175) |
| Change in fair value of financial assets designated as at fair value through profit and loss | (440) | - | - | - |
| SK Foods management fee | - | 225 | - | - |
| Salyer Management Company | 49 | 71 | - | - |
| Cedenco Foods management fee | 338 | 374 | 28 | 31 |
| Writedown of inventory to NRV | 341 | - | - | - |

Note 4.                 Current Assets – Cash and cash equivalents

|  | Group 2008 $ 000 | Group 2007 $ 000 | Company 2008 $ 000 | Company 2007 $ 000 |
|---|---|---|---|---|
| Petty cash | 1 | 1 | - | - |
| ANZ customised business account | 32 | 630 | 20 | 518 |
| ANZ New Zealand dollar account | 20 | 2 | - | - |
| ANZ US dollar account | 110 | - | - | - |
| ANZ Greater British pounds account | - | - | - | - |
|  | 163 | 633 | 20 | 518 |

The prior year Group financial statements cash and cash equivalents included current external borrowings as a cash equivalent. This has been corrected in the current year so that only cash and bank overdrafts have been included in cash and cash equivalents. The change has no impact on the cash inflows and outflows but increases the opening 2007 cash and cash equivalents by $3,000,000, and the closing cash and cash equivalents by $3,000,000.

BMO 001471

# SK FOODS AUSTRALIA PTY LTD

## NOTES TO THE FINANCIAL STATEMENTS
### for the financial year ended 31 October 2008

**Note 5.**  Current Assets - Trade and other receivables

|  | Group 2008 $ 000 | Group 2007 $ 000 | Company 2008 $ 000 | Company 2007 $ 000 |
|---|---|---|---|---|
| Trade receivables | 6,069 | 3,964 | - | - |
| less: Allowance for doubtful debts | (96) | (92) | - | - |
| Growers' advances | - | 432 | - | - |
| Accrued income | 291 | 52 | - | - |
| Other receivables | 239 | 134 | - | - |
| Goods and Services tax recoverable | 261 | - | - | - |
|  | 6,764 | 4,490 | - | - |

**Note 6.**  Current Assets - Inventories

|  | | | | |
|---|---|---|---|---|
| Packaging - Inners & consumables | 240 | 112 | - | - |
| Chemicals | 66 | 28 | - | - |
| Spare parts | 473 | 323 | - | - |
| Seed | 65 | 161 | - | - |
| Finished goods | 8,104 | 6,447 | - | - |
|  | 8,948 | 7,071 | - | - |

**Note 7.**  Current Assets - Other

|  | | | | |
|---|---|---|---|---|
| Prepaid interest | 253 | 99 | - | - |
| Prepayments | 1,826 | 351 | - | - |
|  | 2,079 | 449 | - | - |

**Note 8.**  Non-Current Assets - Deferred Tax

|  | | | | |
|---|---|---|---|---|
| Temporary differences | 183 | 714 | 69 | 349 |
|  | 183 | 714 | 69 | 349 |

**Note 9.**  Non-Current Assets - Investments

The Company has a 50% interest in Cedenco Australia Partnership.
The other 50% interest is held by Cedenco JV Australia Pty Ltd - a 100% owned subsidiary of SK Foods Australia Pty Ltd.

|  | | | | |
|---|---|---|---|---|
| Investment in Subsidiary - Cedenco Australia Partnership | - | - | 16,780 | 16,780 |
| Investment in Subsidiary - Equity in Cedenco JV Aust. Pty Ltd | - | - | 4,169 | 4,169 |
|  | - | - | 20,949 | 20,949 |

The parent entity has changed its method of accounting its investment in Cedenco Australia Partnership. This partnership is owned 50% by SK Foods Australia Pty Ltd and 50% by Cedenco JV Australia Pty Ltd, which is a wholly owned subsidiary of SK Foods Australia Pty Ltd. As SK Foods Australia Pty Ltd controls the partnership through its direct and indirect ownership interest the investment should be accounted for as a subsidiary in accordance with AASB 127 " Consolidated and Separate Financial Statements" paragraph 37. The change in accounting has been retrospectively applied to the 2007 financial year with the investment recorded at a deemed cost of $16,779,742 compared to the equity accounted value of $21,381,302 in the 2007 financial statements. The impact on profit has been to decrease the net profit by $699,000 in the prior year due to not recognising the profits as an increase to equity of associate and associated income tax effects.

BMO 001472

# SK FOODS AUSTRALIA PTY LTD

## NOTES TO THE FINANCIAL STATEMENTS
### for the financial year ended 31 October 2008

Note 10.            Current / Non Current Assets - Other financial assets

| | Group 2008 $ 000 | Group 2007 $ 000 | Company 2008 $ 000 | Company 2007 $ 000 |
|---|---|---|---|---|
| **Derivatives that are designated and effective as hedging instruments carried at fair value:** | | | | |
| Current | | | | |
| Foreign currency forward contracts | 1,045 | - | - | - |
| Non-current | | | | |
| Foreign currency forward contracts | 88 | - | - | - |
| | 1,133 | - | - | - |
| **Financial assets carried at fair value through profit or loss:** | | | | |
| Current | | | | |
| Foreign currency forward contracts | 440 | - | - | - |
| **Loan Receivables carried at amortised cost:** | | | | |
| Current | | | | |
| Advance to SS Farms Australia Pty Ltd (i) | 3,250 | - | - | - |
| Interest bearing loans advanced to Cedenco Foods NZ (ii) | 500 | - | - | - |
| | 3,750 | - | - | - |
| Non-current | | | | |
| Interest bearing loans advanced to SK Foods LP (iii) | 8,236 | 5,903 | - | - |
| Interest on loans advanced to SK Foods LP (iii) | 2,329 | 1,340 | - | - |
| Interest bearing loans advanced to Cedenco Foods NZ (ii) | 6,000 | 6,000 | - | - |
| Interest on loans advanced to Cedenco Foods NZ (ii) | 806 | 314 | - | - |
| | 17,371 | 13,557 | - | - |
| | 22,694 | 13,557 | - | - |
| **Disclosed in financial statements as:** | | | | |
| Current Other financial assets | 5,235 | - | - | - |
| Non-current Other financial assets | 17,459 | 13,557 | - | - |
| | 22,694 | 13,557 | - | - |

(i)     The loan to SS Farms Australia Pty Ltd is non-interest bearing is on call and is repayable on demand.

(ii)    The loans to Cedenco Foods NZ of AUD 6,500,000 is on call and repayable on demand, the loan is interest bearing at a rate of 7.5%.

(iii)   The loans to SK Foods LP of USD 2,712,800 and USD 2,787,180 plus interest previously had a repayment date of 1 November 2009. These loans have been subordinated to bank borrowings by SK Foods LP. These loans were rolled post balance date for a term of 1 year at interest rates of 5.5% and 5.6%. These loans were converted at closing rates of $ 0.6878 (2007 - $0.9318).

# SK FOODS AUSTRALIA PTY LTD

## NOTES TO THE FINANCIAL STATEMENTS
### for the financial year ended 31 October 2008

Note 11.          Non-Current Assets - Property, Plant & Equipment

**Group 2008**

| | Land at cost $ 000 | Buildings & Improvements at cost $ 000 | Plant & Equipment at cost $ 000 | TOTAL $ 000 |
|---|---|---|---|---|
| **Gross Carrying Amount** | | | | |
| Balance at 1 November 2007 | 439 | 6,776 | 20,748 | 27,963 |
| Additions | - | 4 | 690 | 694 |
| Disposals | - | - | (170) | (170) |
| Balance at 31 October 2008 | 439 | 6,780 | 21,268 | 28,487 |
| **Accumulated Depreciation** | | | | |
| Balance at 1 November 2007 Accumulated depreciation | - | (1,551) | (8,847) | (10,398) |
| Disposals | - | | 79 | 79 |
| Depreciation expense | - | (400) | (1,866) | (2,266) |
| Balance at 31 October 2008 | - | (1,951) | (10,634) | (12,586) |
| Net Book Value at 31 October 2008 | 439 | 4,829 | 10,634 | 15,901 |

**Group 2007**

| | Land at cost $ 000 | Buildings & Improvements at cost $ 000 | Plant & Equipment at cost $ 000 | TOTAL $ 000 |
|---|---|---|---|---|
| **Gross Carrying Amount** | | | | |
| Balance at 1 November 2006 | 439 | 6,681 | 18,746 | 25,866 |
| Additions | - | 95 | 2,083 | 2,178 |
| Disposals | - | - | (81) | (81) |
| Balance at 31 October 2007 | 439 | 6,776 | 20,748 | 27,963 |
| **Accumulated Depreciation** | | | | |
| Balance at 1 November 2006 Accumulated depreciation | - | (1,161) | (7,061) | (8,222) |
| Disposals | - | | 38 | 38 |
| Depreciation expense | - | (390) | (1,824) | (2,214) |
| Balance at 31 October 2007 | - | (1,551) | (8,847) | (10,398) |
| Net Book Value at 31 October 2007 | 439 | 5,225 | 11,901 | 17,565 |

The net book value for the year ended 31 October 2008 includes discount on acquisition of property, plant & equipment in Cedenco Australia of $105,245 (2007 - $105,245), based on March 2002 purchase of 50% share.

BMO 001474

# SK FOODS AUSTRALIA PTY LTD

## NOTES TO THE FINANCIAL STATEMENTS
## for the financial year ended 31 October 2008

### Note 12. Non Current Assets - Goodwill

| | Group 2008 $'000 | Group 2007 $'000 | Company 2008 $'000 | Company 2007 $'000 |
|---|---|---|---|---|
| Gross carrying amount at beginning and end of the financial year | 1,864 | 1,864 | - | - |
| Balance at 31 October | 1,864 | 1,864 | - | - |

### Note 13. Current / Non-Current Liabilities - Borrowings

**Current**

| | | | | |
|---|---|---|---|---|
| ANZ customised business account - secured | 397 | - | - | - |
| ANZ flexible credit facilities – secured | 3,000 | 3,000 | - | - |
| Bank term borrowings - secured | 11,800 | - | - | - |
| | 15,197 | 3,000 | - | - |

**Non - Current**

| | | | | |
|---|---|---|---|---|
| Bank term borrowings - secured | - | 8,500 | - | - |
| Ultimate parent company - SK Foods LP loan | 11,212 | 11,212 | 11,212 | 11,212 |
| Ultimate parent company - SK Foods LP interest | 4,800 | 4,098 | 4,800 | 4,098 |
| Other related entities - Cedenco Foods | 11,375 | 10,192 | 4,132 | 3,921 |
| | 27,386 | 34,001 | 20,144 | 19,230 |
| Total borrowings | 42,583 | 37,001 | 20,144 | 19,230 |

The promissory note from SK Foods is at an interest rate of 6.25%, is unsecured and repayable on demand.
It is not expected to be required to be repaid within the next 12 months.
The amounts owing to Cedenco Foods includes a FC1 debenture, and an unsecured subordinated loan at interest rates
which ranged from 9.09% to 9.85% during the period (2007 - 8.15% - 9.28%), and is repayable on demand. It is not expected
to be required to be repaid within the next 12 months.
Security in respect of banking facilities in Cedenco Australia Partnership consists of a first registered mortgage debenture
by Cedenco JV Australia Pty Ltd and SK Foods Australia Pty Ltd. This is a fixed and floating charge over all present and
future assets and undertakings including unpaid / uncalled capital, to ANZ Bank. A first registered mortgage over the
property at Cornelia Creek Rd is also given to ANZ Bank.
At balance day the Partnership was in breach of certain financial covenants. This breach can technically enable the bank
to terminate or change facilities or obligations. The Group is therefore required to reclassify interest bearing liabilities of
$11,800,000 as current liabilities for financial reporting purposes in accordance with AASB101 Presentation of Financial
Statements.
On 30 January 2009 the Partnership secured a new bank facility, which included the same covenants but with higher bank
lending margins. The management committee do not expect to be in breach of any financial covenants when next measured
at 30 April 2009, and expect to reclassify liabilities of $11,800,000 as non-current liabilities.
The management committee therefore do not consider the deficit in current assets over liabilities to be reflective of the
true working capital position of the partnership.

### Note 14. Current Assets / Liabilities - Tax

| | | | | |
|---|---|---|---|---|
| Current tax asset | 3,040 | 2,098 | 3,040 | 1,659 |
| Current tax liability | (2,056) | (2,745) | (1,112) | (1,488) |
| Net Current tax asset / (liability) | 984 | (648) | 1,927 | 171 |

### Note 15. Current Liabilities - Trade and other payables

| | | | | |
|---|---|---|---|---|
| Trade creditors | 1,307 | 818 | - | - |
| Accrued expenses | 2,563 | 821 | - | - |
| Amounts payable to SK Foods LP | 3,515 | 45 | - | - |
| Amounts payable to Cedenco Foods | 376 | 324 | - | - |
| Amounts payable to Cedenco JV Australia Pty Ltd | 2 | - | 220 | 250 |
| | 7,763 | 2,008 | 220 | 250 |

# SK FOODS AUSTRALIA PTY LTD

## NOTES TO THE FINANCIAL STATEMENTS
### for the financial year ended 31 October 2008

**Note 16.**      Current / Non-Current Liabilities - Provisions

| | Group 2008 $ 000 | Group 2007 $ 000 | Company 2008 $ 000 | Company 2007 $ 000 |
|---|---|---|---|---|
| Employee benefits - Current | 363 | 355 | - | - |
| Employee benefits - Non current | 105 | 97 | - | - |
| | 468 | 452 | - | - |
| Number of employees at the end of the year | 26 | 26 | | |

**Note 17.**      Current Liabilities - Other financial liabilities

| | | | | |
|---|---|---|---|---|
| Derivatives that are designated and effective as hedging instruments carried at fair value | - | 535 | - | - |

**Note 18.**      Issued Capital

| | | | | |
|---|---|---|---|---|
| 101 Fully Paid Ordinary Shares (2007 - 101 shares) | 15 | 15 | 15 | 15 |

There are 101 fully paid ordinary shares, which carry one vote per share and carry right to dividend
There was no change to the number of shares issued during the financial year (2007 - no change).
Changes to the then Corporations Law abolished the authorised capital and par value concept in relation to share capital from 1 July 1998. Therefore, the company does not have a limited amount of authorised capital and issued shares do not have a par value. The shares were issued to the parent company SK Foods LLP.

**Note 19.**      Reserves

*Hedging Reserve*

| | | | | |
|---|---|---|---|---|
| Balance at the beginning of the financial year | (535) | - | - | - |
| Profit / (Loss) recognised on forward exchange contracts | 1,668 | (535) | | |
| Balance at the end of the financial year | 1,133 | (535) | - | - |

The hedging reserve represents hedging gains and losses recognised on the effective portion of cash flow hedges. The cumulative deferred gain or loss on the hedge is recognised in profit or loss when the hedged transactoin impacts the profit or loss, or is included as a basis adjustment to the non financial hedged item, consistent with the applicable accounting policy.

**Note 20.**      Retained earnings

| | | | | |
|---|---|---|---|---|
| Balance at the beginning of the financial year | 6,219 | 4,574 | 2,492 | 2,311 |
| Net profit attributable to members | 1,399 | 1,646 | 94 | 181 |
| Balance at the end of the financial year | 7,618 | 6,219 | 2,586 | 2,492 |

**Note 21.**      Dividends

| | | | | |
|---|---|---|---|---|
| Adjusted franking account balance | 6,016 | 4,144 | 4,134 | 2,262 |

The franking account balance is shown on a tax paid / payable basis rather than a grossed up basis
No dividends were paid, declared or recommended by the directors during or since the financial year, or the previous financial year.

BMO 001476

# SK FOODS AUSTRALIA PTY LTD

## NOTES TO THE FINANCIAL STATEMENTS
## for the financial year ended 31 October 2008

**Note 22.**  Commitments for expenditure

|  | Group | Group | Company | Company |
|---|---|---|---|---|
|  | 2008 $ 000 | 2007 $ 000 | 2008 $ 000 | 2007 $ 000 |
| *Capital expenditure* |  |  |  |  |
| *Plant and Equipment* |  |  |  |  |
| Not later than one year | 420 | 93 | - | - |
| *Other expenditure commitments* |  |  |  |  |
| *Non cancellable operating Leases* |  |  |  |  |
| Not later than one year | 265 | 290 | - | - |
| Later than one year but not later than 2 years | 119 | 169 | - | - |
| Commitments not recognised in the financial statements | 384 | 479 | - | - |

Operating leases include leases for motor vehicles, forklifts, outer packaging.
Motor vehicle leases are generally fully maintained operating leases on 3 year terms.
Lease commitments for outer packaging only extend for 2 months beyond the current financial year.
The entity does not have an option to purchase any of the leased assets at the expiry of the lease term.
The entity has not entered into any finance leases

**Note 23.**  Notes to the Statement of Cash Flows

**(a) Reconciliation of cash at end of financial year**

|  | Group 2008 | Group 2007 | Company 2008 | Company 2007 |
|---|---|---|---|---|
| Cash and cash equivalents (see note 3) | 163 | 633 | 20 | 518 |
| Current borrowings (see note 13) | (397) | - | - | - |
|  | (234) | 633 | 20 | 518 |

**(b) Reconciliation of profit for the period to net cash flows from operating activities**

|  | Group 2008 | Group 2007 | Company 2008 | Company 2007 |
|---|---|---|---|---|
| Profit for the year | 1,399 | 1,646 | 94 | 181 |
| Distribution from subsidiary | - | - | (1,425) | (1,472) |
| Unrealised exchange differences | (2,393) | 1,202 | (213) | (175) |
| Non-cash interest expense | 1,345 | 812 | 703 | 701 |
| Non-cash interest income | (829) | - | - | - |
| Depreciation and amortisation of non-current assets | 2,266 | 2,214 | - | - |
| Movement in tax balances | (1,101) | (649) | (1,476) | (485) |
| Impairment of inventory | 341 | - | - | - |
| Fair value of derivatives | (440) | - | - | - |
| (Increase)/decrease in assets |  |  |  |  |
| Current receivables | (2,326) | 1,573 | - | 1 |
| Current inventories | (2,218) | 3,508 | - | - |
| Other assets | (1,629) | (33) | - | - |
| Increase/(decrease) in liabilities |  |  |  |  |
| Current payables | 5,755 | (962) | (30) | - |
| Provisions | 15 | 69 | - | - |
| Non-current payables | - | - | 424 | (19) |
| Net cash flow from operating activities | 185 | 9,381 | (1,923) | (1,269) |

BMO 001477

# SK FOODS AUSTRALIA PTY LTD

## NOTES TO THE FINANCIAL STATEMENTS
## for the financial year ended 31 October 2008

**Note 24.**          **Subsequent events**

Apart from the signing of a new Banking facility as disclosed in Note 13, there has not been any matter or circumstance occurring subsequent to the end of the financial year that has significantly affected, or may significantly affect, the operations of the Group or the results of those operations in future years.

**Note 25.**          **Parent entity**

The parent entity in the Group is SK Foods Australia Pty Ltd. SK Foods Australia Pty Ltd's ultimate parent entity is Scott Salyer Revocable Trust.

BMO 001478

# EXHIBIT 82

| From: | Nick Frankish <NICK@cedenco.co.nz> |
|---|---|
| Sent: | Sunday, November 30, 2008 6:51 PM |
| To: | Mark McCormick <markmc@skfoods.com> |
| Cc: | Richard Lawrence <Richard@cedenco.co.nz> |
| Subject: | RE: Cedenco Notes |

Mark

Our auditors are looking for the rollovers of the loans, has this been completed yet ? Please advise

Thanks

Nick

**Nick Frankish | Group CFO | Cedenco Foods | Level 2, 12 Heather Street, Parnell, Auckland 1052.  PO Box 137-337, Parnell, Auckland, 1151 | DDI: (+64 9) 362 0803 | PH: (+64 9) 362 0800 | Fax: (+64 9) 362 0806 | www.cedenco.com**

-----------------------------

**From:** Mark McCormick [mailto:markmc@skfoods.com]
**Sent:** Thursday, 13 November 2008 9:45 a.m.
**To :** gary@garyperrylaw.com
**Cc :** David Hay; Richard Lawrence; Nick Frankish
**Subject:** FW: Cedenco Notes

Gary,

See attached ...  I would like the notes that are currently matured to rollover for one more year at the same terms and conditions.  Can you prepare extensions ?

-MMM

-----------------------------

**From:** Brenda Garcia
**Sent:** Wednesday, November 12, 2008 12:40 PM
**To :** Mark McCormick
**Subject:** Cendenco Notes

SHARP_CH15 000998

# EXHIBIT 83

| | |
|---|---|
| **From:** | Mark McCormick <markmc@skfoods.com> |
| **Sent:** | Sunday, November 30, 2008 6:52 PM |
| **To:** | Nick Frankish <NICK@cedenco.co.nz> |
| **Cc:** | Richard Lawrence <Richard@cedenco.co.nz> |
| **Subject:** | Re: Cedenco Notes |

Yes.  They are signed and in the Lemoore office.  Shondale can scan and email in the morning.

Mmm

Sent from my iPhone

On Nov 30, 2008, at 6:50 PM, "Nick Frankish" <NICK@cedenco.co.nz> wrote:

> Mark
>
> Our auditors are looking for the rollovers of the loans, has this been completed yet ? Please advise
>
> Thanks
>
> Nick
>
>
> **Nick Frankish | Group CFO | Cedenco Foods |** Level 2, 12 Heather Street, Parnell, Auckland 1052.  PO Box 137-337, Parnell, Auckland, 1151 | DDI: (+64 9) 362 0803 | PH: (+64 9) 362 0800 | Fax: (+64 9) 362 0806 | www.cedenco.com
>
> ---------------------------------------------------------------------------------------------------------
>
> **From:** Mark McCormick [mailto:markmc@skfoods.com]
> **Sent:** Thursday, 13 November 2008 9:45 a.m.
> **To:** gary@garyperrylaw.com
> **Cc:** David Hay; Richard Lawrence; Nick Frankish
> **Subject:** FW: Cedenco Notes
>
> Gary,
>
>
> See attached   I would like the notes that are currently matured to rollover for one more year at the same terms and conditions.  Can you prepare extensions ?
>
>
> -MMM
>
>
> ---------------------------------------------------------------------------------------------------------

**SHARP_CH15 000999**

**From:** Brenda Garcia
**Sent:** Wednesday, November 12, 2008 12:40 PM
**To:** Mark McCormick
**Subject:** Cendenco Notes

SHARP_CH15 001000

# EXHIBIT 84

| | |
|---|---|
| **From:** | Mark McCormick <markmc@first organization.com> |
| **Sent:** | Monday, January 12, 2009 11:34 AM |
| **To:** | Erdelyi, Betsy <betsy.erdelyi@bmo.com> |
| **Subject:** | RE: Cedenco Notes |

Thanks.
Will get that done.
Call me at the end of the day and we'll recap.
-MMM
-----Original Message-----
From: Erdelyi, Betsy [mailto:betsy.erdelyi@bmo.com]
Sent: Monday, January 12, 2009 7:48 AM
To: Mark McCormick
Subject: Cedenco Notes
Mark,
Just a reminder to send me copies of the new notes at your earliest convenience.
Thanks.
Betsy

-------------------------
Sent from my BlackBerry Wireless Handheld
This e-mail and any attachments may contain
confidential and privileged information. If you are
not the intended recipient, please notify the sender
immediately by return e-mail, delete this e-mail
and destroy any copies. Any dissemination or use
of this information by a person other than the
intended recipient is unauthorized and may be
illegal. Unless otherwise stated, opinions expressed
in this e-mail are those of the author and are not
endorsed by the author's employer.
Le présent message, ainsi que tout fichier qui y est
joint, est envoyé à l'intention exclusive de son ou
de ses destinataires; il est de nature confidentielle
et peut constituer une information privilégiée. Nous
avertissons toute personne autre que le destinataire
prévu que tout examen, réacheminement, impression, copie,
distribution ou autre utilisation de ce message et de
tout fichier qui y est joint est strictement interdit.
Si vous n'êtes pas le destinataire prévu, veuillez en
aviser immédiatement l'expéditeur par retour de courriel
et supprimer ce message et tout document joint de votre système.
Sauf indication contraire, les opinions exprimées dans le présent
message sont celles de l'auteur et ne sont pas avalisées par
l'employeur de l'auteur.

**SHARP_CH15 001075**

# EXHIBIT 85

BILL OF SALE
54.45% STOCK OF SK FOODS AUSTRALIA AND NZ

SKPM CORPORATION, INC., ("Seller"), for consideration of ~~████████████~~ the receipt of which is hereby acknowledged in the form of an installment note from MONTEREY PENINSULA FARMING, LLC ("Buyer") does sell, assign, transfer and convey and has delivered unto Buyer, and or its successors and assigns, all of Seller's rights, title and interests in and to that certain property as set forth below. SKPM Corporation and the Scott Salyer Revocable Trust, Scott Salyer, Trustee are each owners of SK Foods, LLC. Accordingly the subsidiaries discussed below have been consolidated for sale.

54.45% of the stock of the following foreign corporations:

SK Foods Australia Pty. Ltd. and related, subsidiary entities, and

SK Foods International (New Zealand) and related, subsidiary entities

Buyer understands that an investment in the Shares being transferred hereby ("Shares") is speculative and involves a high degree of risk, and that the Shares have not been registered or qualified under the Securities Act of 1933, as amended, the securities laws of the State of California or any other applicable blue sky laws, and that neither the Securities and Exchange Commission nor any other government office or agency have approved or disapproved the Shares or passed upon or endorsed the merits of the offering for sale of the Shares. Buyer represents and warrants that it (or its Trustee) is an experienced investor in unregistered and restricted securities of private companies and/or in closely held investments and companies; that it (or its Trustee) has such knowledge and experience in business and financial matters as to be capable of evaluating the merits and risks of an investment in the Shares; and that it has evaluated this investment in light of its experience and agrees that Buyer will accept the substantial risks of its investment in the Shares.

Buyer acknowledges that there are substantial restrictions on the transferability of the Shares, that there is no public market for the Shares and none is expected to develop, and that, accordingly, it may not be possible for him or her to liquidate his or her investment in the Company. Buyer is acquiring the Shares for investment purposes for its own account only and not with a view to or for sale in connection with any distribution of all or any part of the Shares. Buyer has no contract, undertaking, agreement or arrangement to sell or otherwise transfer or dispose of the Shares or any portion thereof to any other person, and no other person will have any direct or indirect beneficial interest in or right to the Shares.

Buyer represents and warrants that it has: (a) made its own investigation of the Shares, including all matters pertaining to the value of the Shares, the Company, and the real and personal property owned by the Company, the assets and liabilities of the Company, the title to and physical condition of the Company's real property, and federal, state, county, and city laws, ordinances, rules and regulations affecting the ownership, leasing, and operation of the Company's property; (b) has not received or relied upon any representation or warranty of Seller concerning the condition or value of the Shares, the Company or the Company's property; and (c) had full opportunity to ask all questions of Seller and its agents and to review all documents and other relevant information concerning the Shares, the Company, and the Company's property that Buyer deems relevant in evaluating the risks of purchasing the Shares, and that all such questions and all such information have been fully and completely answered or made available to Buyer to its full satisfaction.

Buyer shall indemnify and hold harmless Seller and any of its employees, agents, attorneys, and registered representatives who was or is a party or is threatened to be made a party to any threatened, pending, or completed action, suit, or proceeding, whether civil, criminal, administrative, or investigative, by reason of or arising from any misrepresentation or misstatement of facts or

BILL OF SALE
54.45% STOCK OF SK FOODS AUSTRALIA AND NZ

omission to represent or state facts made by Buyer herein, against losses, liabilities, and expenses (including attorneys' fees, judgments, fines, and amounts paid in settlement, payable as incurred) incurred by the indemnified person in connection with that action, suit, or proceeding.

Seller denies and disclaims any express or implied representation or warranty concerning the value of the Shares or the operation, condition or value of the Company or the Company's property. Buyer accepts the Shares transferred hereby AS IS.

IN WITNESS WHEREOF, MONTEREY PENINSULA FARMING, LLC has executed this BILL OF SALE effective as of January 17, 2009.

SKPM CORPORATION, INC.:

ACCEPTED:

MONTEREY PENINSULA
FARMING, LLC:

# EXHIBIT 86

# BILL·OF SALE
## 45.55% STOCK OF SK FOODS AUSTRALIA AND NZ

SCOTT SALYER REVOCABLE TRUST, SCOTT SALYER, TRUSTEE, ("Seller"), for consideration of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓the receipt of which is hereby acknowledged in the form of an installment note from MONTERREY PENINSULA . FARMING, LLC ("Buyer") does sell, assign, transfer and convey and has delivered unto Buyer, and or its successors and assigns, all of Seller's rights, title and interests in and to that certain property as set forth below. SKPM Corporation and the Scott Salyer Revocable Trust, Scott Salyer, Trustee are each owners of SK Foods, LLC. Accordingly the subsidiaries discussed below have been consolidated for sale.

45.55% of the stock of the following foreign corporations:

SK Foods Australia Pty. Ltd. and related, subsidiary entities and

SK Foods International (New Zealand) and related, subsidiary entities

Buyer understands that an investment in the Shares being transferred hereby ("Shares") is speculative and involves a high degree of risk, and that the Shares have not been registered or qualified under the. Securities Act of 1933, as amended, the securities laws of the State of California or any other applicable blue sky laws, and that neither the Securities and Exchange Commission nor any other government office or agency have approved or disapproved the Shares or passed upon or endorsed the merits of the offering for sale of the Shares. Buyer represents and warrants that it (or its Trustee) is an experienced investor in unregistered and restricted securities of private companies and/or in closely held investments and companies; that it (or its Trustee) has such knowledge and experience in business and financial matters as to be capable of evaluating the merits and risks of an investment in the Shares; and that it has evaluated this investment in light of its experience and agrees that Buyer will accept the substantial risks of its investment in the Shares.

Buyer acknowledges that there are substantial restrictions on the transferability of the Shares, that there is no public market for the Shares and none is expected to develop, and that, accordingly, it may not be possible for him or her to liquidate his or her investment in the Company. Buyer is acquiring the Shares for investment purposes for its own account only and not with a view to or for sale in connection with any distribution of all or any part of the Shares. Buyer has no contract, undertaking, agreement or arrangement to sell or otherwise transfer or dispose of the Shares or any portion thereof to any other person, and no other person will have any direct or indirect beneficial interest in or right to the Shares.

Buyer represents and warrants that it has: (a) made its own investigation of the Shares, including all matters pertaining to the value of the Shares, the Company, and the real and personal property owned by the Company, the assets and liabilities of the Company, the title to and physical condition of the Company's real property, and federal, state, county, and city laws, ordinances, rules and regulations affecting the ownership, leasing, and operation of the Company's property; (b) has not received or relied upon any representation or warranty of Seller concerning the condition or value of the Shares, the Company or the Company's property; and (o) had full opportunity to ask all questions of Seller and its agents and to review all documents and other relevant information concerning the Shares, the Company, and the Company's property that Buyer deems relevant in evaluating the risks of purchasing the Shares, and that all such questions and all such information have been fully and . completely answered or made available to Buyer to its full satisfaction.

Buyer shall indemnify and hold harmless Seller and any of its employees, agents, attorneys, and registered representatives who was or is a party or is threatened to be made a party to any threatened, pending, or completed action, suit, or proceeding, whether civil, criminal, administrative,




BILL OF SALE
## 45.55% STOCK OF SK FOODS AUSTRALIA AND NZ

or investigative, by reason of or arising from any misrepresentation or misstatement of facts or omission to represent or state facts made by Buyer herein, against losses, liabilities, and expenses (including attorneys' fees, judgments, fines, and amounts paid in settlement, payable as incurred) incurred by the indemnified person in connection with that action, suit, or proceeding.

Seller denies and disclaims any express or implied representation or warranty concerning the value of the Shares or the operation, condition or value of the Company or the Company's property. Buyer accepts the Shares transferred hereby AS IS.

IN WITNESS WHEREOF, MONTEREY PENINSULA FARMING, LLC has executed this BILL OF SALE effective as of January 17, 2009.

SCOTT SALYER REVOCABLE
TRUST, SCOTT SALYER,
TRUSTEE:

ACCEPTED:

MONTEREY PENINSULA
FARMING, LLC:

# EXHIBIT 87

February 26, 2009

The Directors
SK Foods International
Po Box 37895
Parnell
Auckland
New Zealand

## LOAN CONFIRMATION

Dear Sirs,

We confirm that SSC & L Trust has provided a loan to SK Foods International. The balance outstanding at 31 October 2008 was NZD 42,318,840 including NZD 11,798,824 of accrued interest.

The said loan is unsecured, interest bearing at the rate of 6.25% pa with no fixed repayment terms.

We further confirm that we will call on these loans for at least 12 months from the date of signing of the SK Foods International accounts.

Yours faithfully,

for SSC & L trust

**Shondale Seymour**
**CFO**
**SK Foods Group**

/Attachment

**SHARP_CH15 001114**

| | | Per Books SKF | Difference | Per Confirmation US $ | FX | NZ $ |
|---|---|---|---|---|---|---|
| SKA NR (CFL-NP) | Principal 10/31/2006 | 3,199,978 | | 4,187,007 * | | |
| | Interest | 536,509 | | | | |
| | ~ interest not recorded | | 357,116 | | | |
| | | 3,736,487 | 357,116 | 4,187,007 | | |
| SSCL NP (SKI) | Principal ** | 20,474,509 | | 17,936,583 + | 0.587699 | 30,520,016 * |
| | Interest | 5,351,915 | | 6,934,157 + | 0.587699 | 11,798,824 * |
| | (1) | 25,826,424 | FCX | 24,870,740 | | 42,318,840 |
| | | | | US $ | FX | AU $ |
| SSCL NP (SKA) | Principal ** | 8,673,575 | | 7,506,200 + | 0.669501 | 11,211,633 * |
| | Interest | 2,633,069 | | 3,213,779 + | 0.669501 | 4,800,260 * |
| | (1) | 11,306,644 | FCX | 10,719,978 | | 16,011,893 |
| SKA NR (CAP-NP) | Principal 10/31/2006 | 5,499,980 | | 5,499,980 * | | |
| | Interest | 935223 | | 1,555,300 * | | |
| | ~ interest not recorded | | 613,798 | | | |
| | | 6,435,203 | 613,798 | 7,055,280 | | |

*given
**as of 10/31/06, prior to SSCL spin off
+calculated
~ notes are subordinated to BMO creditors under master debt agreement, notes considered non-performing so no interest is calculated
(1) FCX - FCX has not been maintained by SKFG accounting staff, who prepare books for SSC&L trust.
Balances shown are as of 10-31-06 at the date of spin-off when FCX was much higher, based on FCX today, SKI and SKA balances appear reasonable

P:\2007 Monthly Closings\SK FOODS\cadenza confirms 10-31-08

**SHARP_CH15 001115**

# EXHIBIT 88

## ACCOUNTS RECEIVABLE SET OFF AGREEMENT

This Accounts Receivable Set Off Agreement is entered into by and among SK Foods, L.P., a California Limited Partnership ("SK"), SSC&L 2007 Trust (the "Trust"), and Cedenco Foods, Limited, a New Zealand Company ("Cedenco") on this 24th day of March, 2009.

RECITALS

A.      Cedenco is the obligor on certain accounts receivable held by SK.

B.      SK is the obligor on certain accounts receivable held by Cedenco.

C.      The audited financial statements of SK for the period ending June 30, 2008, presented the accounts receivable owed by SK to Cedenco and the accounts receivable owed by Cedenco to SK in footnote 8 to the financial statements as a net account receivable owed by Cedenco to SK (hereinafter referred to as the "Net Receivable").

Now, therefore, the parties agree as follows:

1.      Net Receivable.  The Net Receivable as of June 30, 2008, is Eighteen Million Two Hundred Sixty Two Thousand Dollars ($18,262,000).  The parties hereto agree that the Net Receivable balance of Eighteen Million Two Hundred Sixty Two Thousand Dollars ($18,262,000) is true and correct as of June 30, 2008.

2.      Termination of Agreement.  The parties hereto are also parties to an instrument dated November 1, 2006, that is designated the Debt Assignment Agreement (hereinafter referred to as the "Debt Agreement").  The parties hereto agree that the Debt Agreement is terminated as of the date hereof and that the Trust shall have no liability whatsoever under any circumstances for the Net Receivable or any other amount payable by Cedenco to SK or any entity affiliated or related to SK.

DATED: March 24, 2009.

SK

SK Foods, L.P., a California limited partnership

By:    SK PM Corp., a California corporation
       General Partner

By:
       MARK M. McCORMICK
       Vice President

-AND-

Cedenco

Cedenco Foods, Limited, a New Zealand Company

By:

    RICHARD LAWRENCE
    Officer


SSC&L Trust

SSC&L Trust

By:

    Scott Salyer, Trustee

BMO 001490

## ACCOUNTS RECEIVABLE SET OFF AGREEMENT

This Accounts Receivable Set Off Agreement is entered into by and among SK Foods, L.P., a California Limited Partnership ("SK"), SSC&L 2007 Trust (the "Trust"), and SK Foods Australia PTY, LTD, an Australian Company ("Australia") on this 24th day of March, 2009.

### RECITALS

A. Australia is the parent entity of Cedenco JV, and is affiliated with Cedenco Australia. Australia and the entities referred to in the preceding sentence collectively are referred to as "Affiliated Entities".

B. Australia and/or one or more of the Affiliated Entities are obligors on certain accounts receivable held by SK.

C. SK Foods International, a New Zealand Company ("International") is owned by SK Foods, LLC, a Nevada limited liability company. International is the parent entity of Cedenco Foods and Cedenco Ohakune and is affiliated with Sun Rise Coast. International and the other entities referenced in this Recital C collectively are referred to as the "NZ Affiliated Entities".

D. The Affiliated Entities and the NZ Affiliated Entities are collectively referred to as the "NZ and A Entities".

E. SK is the obligor on certain accounts receivable held by the NZ and A Entities.

F. The audited financial statements of SK for the period ending June 30, 2008, presented the accounts receivable owed by SK to the NZ and A Entities and the accounts receivable owed by the NZ and A Entities to SK in footnote 8 to the financial statements as a net account receivable owed by NZ and A Entities to SK (hereinafter referred to as the "Net Receivable").

Now, therefore, the parties agree as follows:

1. Net Receivable. The Net Receivable as of June 30, 2008, is Eighteen Million Two Hundred Sixty Two Thousand Dollars ($18,262,000). The parties hereto agree that the Net Receivable balance of Eighteen Million Two Hundred Sixty Two Thousand Dollars ($18,262,000) is true and correct as of June 30, 2008.

2. Termination of Agreement. The parties hereto are also parties to an instrument dated November 1, 2006, that is designated the Debt Assignment Agreement (hereinafter referred to as the "Debt Agreement"). The parties hereto agree

SHARP_CH15 001435

that the Debt Agreement is terminated as of the date hereof and that the Trust shall have no liability whatsoever under any circumstances for the Net Receivable or any other amount payable by the NZ and A Entities to SK or any entity affiliated or related to SK.

DATED: March 24, 2009.

<u>SK</u>

SK Foods, L.P., a California limited partnership

By:   SK PM Corp., a California corporation
      General Partner

By: _____
      MARK M. McCORMICK
      Vice President

<u>Australia</u>

SK FOODS AUSTRALIA PTY, LTD, an
Australia Company

By:_____
     RICHARD LAWRENCE

<u>SSC&L Trust</u>

SSC&L Trust

By:_____
     SCOTT SALYER, Trustee

SHARP_CH15 001436

# EXHIBIT 89

| From: | Scott Salyer <scott@first organization.com> |
|-------|----------------------------------------------|
| Sent: | Monday, April 6, 2009 8:37 AM |
| To: | Mark McCormick <markmc@skfoods.com> |
| Subject: | FW: FW: NZ/Aust Loan roll forwards |

MMM

See if Nutley will turn over work papers on Cedenco loan calculations ..

Need asap..

SS

**From:** JIacopi@aol.com [mailto:JIacopi@aol.com]
**Sent:** Monday, April 06, 2009 8:26 AM
**To:** Scott Salyer
**Subject:** Re: FW: NZ/Aust Loan roll forwards

Scott - Dan Nutley of Moss Adams has these reconciled amounts in his working papers. I believe he wrote down the amounts based upon impairment issues and the minority interest. I would have MMM request this detail from him immediately. I have done so myself last year and he would not respond to me.

John T. Iacopi, CPA
Iacopi, Lenz & Company
303 1 W. March Lane, Suite 300-E
Stockton, CA 95219
209 957-3691
209 957-0841 Fax

I am required by IRS Circular 230 to inform you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including attachments and enclosures, is not intended or written to be used, and may not be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

*** ***********
A Good Credit Score is 700 or Above. See yours in just 2 easy steps!
(http://pr.atwola.com/promoclk/100126575x1221621488x1201450096/aol?redir=http:%2F%2Fwww.freecreditreport.com%2Fpm%2Fdefault.aspx%3Fsc%3D668072%26hmpgID%3D62%26bcd%3DAprilfooterNO62)

**SHARP_CH15 001317**

# EXHIBIT 90

**Wayne Boos**

| | |
|---|---|
| **From:** | Darrell Carlis |
| **Sent:** | Monday, April 06, 2009 6:51 PM |
| **To:** | Wayne Boos |
| **Cc:** | Carol Vartanian |

Carol you have anything to add?


Nick regarding your questions, here are our preliminary responses below:

Query: What I am trying to establish is what comprises the usd 18.282m net amount owed by NZ/Aust entities at 1/11/06. Hopefully Shondale can work this out shortly. It is a different figure to that recorded on the NZ/Aust sides

The spreadsheet attached is our attempt to reconcile to the 18.2 number. Note that it is the net of the AR and AP due to/ from Cedenco. We are off a bit in getting to the number mentioned in SKLP's financial statements.

Query: Do you know the nature of the arrangement between SKFLP and SSC&L trust - is appears to be a non interest bearing loan from SK ?

The SSC&L trust stepped into the shoes of SKLP with regard to the payable and receivable is the way we understand it. We have never seen the final documentation on the transaction that was supplied to the Financial Statement Auditors, Moss Adams. The way it is described is that the trust is owed the money by Cedenco and in turn it owes that money to SKLP. It essentially became·an intermediary to the transaction (having offsetting positions in the notes)

Query: Has SSC&L Trust been accruing interest or making FX adjustments for part of the loans to NZ/Aust, or just recording balance unchanged at usd 18.282m ?

SKLP has been accruing interest on the notes just as in the past, thus so would the Trust (however for tax purposes the trust is Cash Basis).

Query: Is SSC&L trust aware the balance is a net balance between amounts payable and receivable?

Yes, see the spreadsheet.

Query: Does SSC&L trust consider the balance a loan or an investment in NZ /Aust entities

It is considered a loan by SKLP (a nonperforming loan) and thus would have the same character at SSC&L.


Darrell L. Carlis

**Boos & Associates | Firm Director**
Fig Garden Financial Center
5260 North Palm Avenue, Suite 120 · Fresno, California 93704-2216
Direct: 1.559.408.7284 | Main: 1.559.449.7688 | Fax: 1.559.408.7384
E-mail: dcarlis@booscpa.com


*****Any tax advice included in this written or electronic communication was not intended or written to be used, and it cannot be used by the taxpayer, for the purpose of avoiding any penalties that may be imposed on the taxpayer by any governmental taxing authority or agency*****

1

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message. Any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.

2

BMO 001495

**Net Effect of client entries at 11/1/06**

| | Grouped into account # 1985 | Payables | SKI | SKA | Unrealized Currency Gain Loss | Adjust Beg Equity for previous loss on earnings | #3060 Unrealized Currency Exchange Gain / Loss |
|---|---|---|---|---|---|---|---|
| | | | | Receivables | | | |
| 1153 Interest Income Rec - Affiliated LT | 2,731,469.00 | | | 2,731,469.00 | | | |
| 1153 Interest Income Rec - Affiliated LT | 5,351,915.00 | | 5,351,915.00 | | | | |
| 2153 Interest Expense Payable Affiliated LT | (536,500.00) | (536,500.00) | | | | | |
| 2153 Interest Expense Payable Affiliated LT | (935,223.00) | (935,223.00) | | | | | |
| 2680 IIC Cedenco Foods Australia | (5,499,980.00) | (5,499,980.00) | | | | | |
| 2675 IIC Cash SK Foods International | 20,474,510.00 | | 20,474,510.00 | | | | |
| 2676 IIC Cedenco Foods Ltd | (3,199,978.00) | (3,199,978.00) | | | | | |
| 2677 IIC Cash SK Foods Australia | 8,673,575.00 | | | 8,673,575.00 | | | |
| 3050 Unrealized Currency Exchange Gain / Loss | (7,788,137.00) | | | | (7,788,137.00) | | |
| Adjust Beg Equity for previous loss on earnings | (1,009,493.00) | | | | | (1,009,493.00) | |
| 11/1/2006 | 18,262,148.00 | (10,171,690.00) | 25,826,425.00 | 11,405,044.00 | (7,788,137.00) | (1,009,493.00) | |
| | | | | | | | |
| 12/31/2006 Adjust Unrealized Currency Gain/Loss to 12/31/06 Balance Reclass to Account 3050 | 9,015,736.80 | | 1,227,599.80 | | (1,227,599.80) 9,015,736.80 | | (9,015,736.80) |
| | See A/E Tab | | | | | | |
| Record 2007 Interest | 1,336,297.00 | (485,458.00) | 1,279,657.00 | 542,098.00 | | | |
| | | | | | | | |
| 12/31/2007 Unrealized Currency Exchange Gain / Loss - Adjust to SKI and SKA books | 4,832,628.20 | | 3,244,532.20 | 1,588,096.00 | | | (4,832,628.20) |
| | 33,446,811.00 | (10,657,148.00) | 31,576,214.00 | 13,535,238.00 | - | (1,009,493.00) | (13,848,365.00) |
| Balance per Affiliate Books at 12/31/07 in USD | | 31,576,214.00 | 13,535,238.00 | | | | |

Allocation

BMO 001496

4/24/2011 11:31 PM

C:\Users\wboost\AppData\Local\Temp\25g4515\Foreign Entities Interest Income and Interest Expense
12.31.07



| | Cedenco Foods | Cedenco Australia | Total | SK Foods International | SK Foods Australia | Grand Total |
|---|---|---|---|---|---|---|
| To: | 3,199,978.00 | 2,712,900.00 | 2,787,180.00 | 5,499,800.00 | 20,474,509.59 | 37,848,042.98 |
| Loan Amount: | | | | | 8,673,575.37 | |
| YTD Interest Payment: | | | | | | |
| 2003 | 29,769.80 | 37,843.56 | 25,920.78 | 63,764.34 | | 93,524.14 |
| 2004 | 178,558.80 | 151,374.24 | 155,524.68 | 306,898.92 | | 485,457.72 |
| 2005 | 178,558.80 | 151,374.24 | 155,524.68 | 306,898.92 | | 485,457.72 |
| 2006 (10 months) | 148,799.00 | 126,145.20 | 255,749.10 | 933,311.28 | | 404,548.10 |
| Total | 535,076.40 | 466,737.24 | 466,574.04 | | | 1,468,987.68 |
| Book Amount | 536,509.47 | | | 855,223.41 | | 1,471,732.88 |
| Diff. | (833.07) | | | (1,912.13) | | (2,745.20) |
| | | | | | | |
| Accrued Interest: | | | | | 542,988.44 | 2,307,213.00 |
| 2007 | 178,558.80 | 151,374.24 | 156,524.08 | 306,898.92 | | 2,307,213.00 |
| | 178,558.80 | | | 306,898.92 | | |

| | | | | Dr | Cr | Net Income Effect |
|---|---|---|---|---|---|---|
| ADJ > to record foreign entity receivable and payables accrued interest income and expense | | | | 495,458.00 | | 495,458.00 |
| B010-80-000 | Interest Expense | | | | | |
| 2153 | Interest payable – Cedenco Foods | | | | 178,558.00 | |
| 2153 | Interest payable – Cedenco Australia | | | | 306,898.00 | |
| 1153 | Interest receivable – SK Foods International | | | 1,279,657.00 | | (1,821,755.00) |
| 1153 | Interest receivable – SK Foods Australia | | | 542,098.00 | 1,821,755.00 | (1,335,297.00) |
| 9050-80-000 | Interest Income | | | 2,307,213.00 | 2,307,213.00 | |

to record foreign entity receivable and payables accrued interest income and expense

| | | | | | |
|---|---|---|---|---|---|
| 1985 | Investment in Foreign Affiliates | | 9,015,736.80 | | |
| 3050 | Unrealized Currency Exchange Gain / Loss | | 9,015,736.80 | 9,015,736.80 | |

To reestablish the unrealized currency exchange gain/loss at 12/31/06

| | | | | | |
|---|---|---|---|---|---|
| 1985 | Investment in Foreign Affiliates | | 4,832,628.20 | | |
| 3050 | Unrealized Currency Exchange Gain / Loss | | 4,832,628.20 | 4,832,628.20 | |

To adjust loan and interest receivable balances to amounts reported by SKI and SKIV at 12/31/07

See adjusting journal entries that client booked at 6/20/07 which were effective for 11/01/05 for the transaction in which SSCAL Trust assumed the liabilities of Cedenco Aus and Ced Foods NZ
The entry on the 11/01/05 AJE tab reversed the interest income and interest expenses that the client had accrued from 11/01/05 to 6/20/07
The tax return for 12/31/06 included interest income, interest expense and unrealized currency exch gain/loss through 12/31/06
For tax purposes, we will need to reestablish the 12/31/06 amounts and then continue to accruing interest income and interest expense and the unrealized currency exchange gain or loss for these intercompany accounts through 12/31/07

C:\Users\wlsood\AppData\Local\Temp\20Sg4S15Foreign Entities Interest Income and Interest Expense
AJE

4/24/2011  11:31 PM

11/1/2006

**8 months activity**

| | Dr | Cr | Net Income Effect | Net Account Adjustment |
|---|---|---|---|---|
| 2153 Interest Expense Payable Affiliated LT | 118,387.00 | | | |
| 2153 Interest Expense Payable Affiliated LT | 203,478.00 | | | |
| 3050 Unrealized Currency Exchange Gain / Loss | 182,492.00 | | | 321,865.00 |
| 3050 Unrealized Currency Exchange Gain / Loss | 840,296.00 | | | |
| 3050 Unrealized Currency Exchange Gain / Loss | 895,199.00 | | | |
| 3050 Unrealized Currency Exchange Gain / Loss | 3,118,750.00 | | | |
| 9950-80-900 Interest Income | 368,506.00 | | 368,506.00 | 5,036,737.00 |
| 9950-80-900 Interest Income | 897,717.00 | | 897,717.00 | 1,266,223.00 |
| 1153 Interest Income Rec - Affiliated LT | | 182,492.00 | | |
| 1153 Interest Income Rec - Affiliated LT | | 368,506.00 | | |
| 1153 Interest Income Rec - Affiliated LT | | 895,199.00 | | |
| 1153 Interest Income Rec - Affiliated LT | | 897,717.00 | | |
| 2675 I/C SK Foods International | | 3,118,750.00 | | (2,343,914.00) |
| 2677 I/C SK Foods Australia | | 840,296.00 | | (3,118,750.00) |
| 9910-80-900 Interest Expense | | 118,387.00 | (118,387.00) | (840,296.00) |
| 9910-80-900 Interest Expense | | 203,478.00 | (203,478.00) | (321,865.00) |
| | 6,624,825.00 | 6,624,825.00 | 944,358.00 | - |