IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BANK OF MONTREAL, | CASE NO. 5:11-mc-80133-EJD |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY JUDGMENT SHOULD NOT BE AMENDED** |
| v. | |
| SK FOODS LLC et al., | |
| Defendants. | |

On September 28, 2010, Bank of Montreal ("BMO") won a $128,256,391 money judgment against SK Foods LLC in a civil action in the Northern District of Illinois. N.D. Ill Case No. 09 C 3479 Dkt. No. 81. On June 13, 2011, it registered that judgment in this district pursuant to 28 U.S.C. § 1963. That registration opened this case file. Two weeks later, BMO filed in this case a request to amend the judgment to add three parties as judgment-debtors: (1) SK PM Corp., (2) Frederick Scott Salyer as Trustee for the Scott Salyer Revocable Trust, and (3) Frederick Scott Salyer in his individual capacity (collectively, the Respondents).[1]

---

[1] The bank's motion is properly brought in this court pursuant to Fed. R. Civ. P. 69(a), which "empowers federal courts to rely on state law to add judgment-debtors." In re Levander, 180 F.3d 1114, 1120–21 (9th Cir. 1999). The Ninth Circuit has approved the addition of judgment-debtors by district courts under Cal. Civ. Proc. Code § 187 on the alter ego theory of liability. Id. BMO's request is not subject to the 28-day time limit of Fed. R. Civ. P. 59(e) because adding a party to a judgment is not a substantive amendment going to the merits of the case. Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp., 159 F.3d 412, 421 (9th Cir. 1998).

1
CASE NO. 5:11-mc-80133-EJD
ORDER TO SHOW CAUSE WHY JUDGMENT SHOULD NOT BE AMENDED

On August 8, 2011, the Respondents filed a one-page request to stay the determination of whether the Respondents should be added to the judgment until the resolution of a related adversary proceeding in the United States Bankruptcy Court for the Eastern District of California. This court heard both parties' motions on August 19, 2011. The court requested further briefing and held another hearing on September 23, 2011.

In the briefing, the Respondents make two arguments why this court should not add them to the judgment at this time. First, they contend that the alter ego allegations should be resolved in the bankruptcy adversary proceedings since they were first raised there, and that this action should be dismissed, stayed, or transferred to the Eastern District of California under the first-to-file rule. In the alternative, Respondents argue that this matter should be stayed pending resolution of the criminal proceedings against Scott Salyer because his testimony—which cannot be obtained because he invokes his Fifth Amendment privilege in light of the criminal case against him—is necessary to the Respondents' defense. Both of Respondents' requests appeal to the discretion of this court. See Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 95, 97 (9th Cir. 1982) (affirming decision to decline jurisdiction where a related case had been filed earlier elsewhere under abuse-of-discretion standard); Keating v. Office of Thrift Supervision, 45 F.3d 322, 324, 326 (9th Cir. 1995) (affirming an ALJ's decision not to postpone a hearing until a related criminal proceeding ended under abuse-of-discretion standard).

On March 23, 2012, while the parties' motions were under submission and awaiting ruling by this court, Scott Salyer entered into a plea bargain with the prosecuting federal agencies, bringing the liability phase of the criminal proceedings in the Eastern District of California to a close. Salyer's sentencing is scheduled for July 10, 2012.

/
/
/
/
/
/

Now that the criminal case against Salyer is reaching closure, it is incumbent upon the Respondents to explain the basis for any objection to BMO's requested amendment to the registered judgment. Within thirty days of the date of this order, Respondents shall file—under seal, if necessary—a brief not longer than ten pages supported by any necessary declarations explaining what defenses they were unable to present earlier. If upon receiving that brief the court determines that a response would be helpful, a further briefing schedule will be set.

**IT IS SO ORDERED.**

Dated: May 15, 2012

EDWARD J. DAVILA
United States District Judge