Todd J. Dressel (State Bar No. 220812)
CHAPMAN AND CUTLER LLP
595 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 278-9088
Facsimile: (415) 541-0506
dressel@chapman.com

James E. Spiotto *(Admitted Pro Hac Vice)*
Ann E. Acker *(Admitted Pro Hac Vice)*
James M. Heiser *(Admitted Pro Hac Vice)*
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, IL 60603
Telephone: (312) 845-3000
Facsimile: (312) 516-1900
spiotto@chapman.com
acker@chapman.com
heiser@hapman.com

Attorneys for Bank of Montreal, as Administrative Agent

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| BANK OF MONTREAL, as Administrative Agent,<br><br>　　　　　　Plaintiff<br><br>　　　v.<br><br>SK FOODS, LLC<br><br>　　　　　　Defendant.<br><br>　　　v.<br><br>SK PM CORP. and FREDERICK SCOTT SALYER, as Trustee for the Scott Salyer Revocable Trust, FREDERICK SCOTT SALYER, in his Individual Capacity<br><br>　　　　　　Respondents. | Case No. 11-CV-80133 MISC - EJD (HRL)<br><br>BANK OF MONTREAL'S REPLY TO RESPONSE OF RESPONDENTS SK PM CORP., FREDERICK SCOTT SALYER, AS TRUSTEE FOR THE SCOTT SALYER REVOCABLE TRUST, AND FREDERICK SCOTT SALYER TO ORDER TO SHOW CAUSE WHY JUDGMENT SHOULD NOT BE AMENDED<br><br>Honorable Edward J. Davila<br><br>Place: Robert F. Peckham Federal Building<br>　　　 280 South 1st Street<br>　　　 San Jose, CA 95113 |

Due the glaring omission in the Response of Respondents SK PM Corp., Frederick Scott Salyer, as Trustee for the Scott Salyer Revocable Trust, and Frederick Scott Salyer to

Order to Show Cause Why Judgment Should Not be Amended (the "*Response*"), Plaintiff, Bank of Montreal, as Administrative Agent for certain Lenders ("*BMO*" or the "*Agent*"), submits this Reply to the Response, and respectfully states as follows:

Respondents argue that the Court's Order to Show Cause Why Judgment Should Not be Amended (the "*Show Cause Order*") should be set aside and this matter stayed pending Mr. Salyer's sentencing because Mr. Salyer intends to continue asserting his Fifth Amendment Right until he is sentenced which, "deprives Respondents of the ability to mount their defense (as has already been found by the Eastern District and Eastern Bankruptcy courts)." Response at p. 3. The Respondents, however, fail to inform the Court that the Honorable Judge Lawrence K. Karlton, the judge overseeing Mr. Salyer's criminal trial, recently rejected that argument. *See* Exhibit 1, attached to the Request for Judicial Notice in Support of Reply filed concurrently herewith ("*RJN*").

As the Respondents previously informed this Court, the United States Bankruptcy Court for the Eastern District of California issued orders in June 2011, staying various adversary proceedings pending before that court, many of which included the Respondents as defendants. *See* Docket No. 40. Those orders were appealed to Judge Karlton in the United States District Court for the Eastern District of California. Judge Karlton recently order the stays vacated stating, "although the [criminal] case is still pending, with sentencing to be determine," the facts no longer warranted a stay. RJN, Ex. 1. As in the Eastern District, there is no justification to stay this proceeding pending Mr. Salyer's sentencing.

The Respondents also argue the matter should be stayed as a result of the withdrawal of their counsel Farella Braun + Martel LLP ("*FBM*"). Response at p. 4, fn. 1. This withdrawal, however, is not a surprise to Respondents as FBM has been moving to withdraw from representing them in various matters since April. BMO even sent a letter to FBM in April requesting confirmation of whether they were going to withdraw in this matter as well as the

identity of new counsel. *See* Docket No. 49. Respondents should not be allowed to use this tactic to gain further delay.[1]

The remaining arguments in the Response should be rejected by the Court as they are merely a rehashing of their prior arguments or defenses Respondents could have raised previously. Respondents do not even attempt to explain how they were unable to present these defenses earlier as directed by this Court in the Show Cause Order. BMO, however, reserves the right to submit a substantive response to the defenses raised by the Respondents, should the Court request additional briefing.

Dated: June 15, 2012
James E. Spiotto
Ann E. Acker
Todd J. Dressel
James M. Heiser
CHAPMAN AND CUTLER LLP

/s/ *Todd J. Dressel*
Todd J. Dressel
Attorneys for Bank of Montreal

---

[1] BMO notes this is the same delay tactic used by Respondents earlier in this matter when FBM became counsel to the Respondents; defendant SK Foods LLC, in the Chicago Litigation; as well as by Respondents in the various matters pending in the Eastern District.

REPLY TO RESPONSE OF RESPONDENTS
11-CV-80133 MISC - EJD (HRL)